1822.

RENWICK
v.
WILSON.

RENWICK, Administratrix, &c. *against* WILSON and others.

An injunction bill sworn to was allowed to be *amended*, after the answer had been excepted to as insufficient, by inserting additional statements and charges, without prejudice to the injunction, and without costs, as of course ; but not by striking out, or altering any part of the bill, without due notice of the motion, accompanied by an affidavit, stating the precise amendments asked for.

BILL filed by the plaintiff, as administratrix of *James Renwick*, deceased, *June* 28, 1821. It stated, that the intestate, on the 27th of *February*, 1800, purchased of *Nathaniel Olcott*, twenty-five shares in the *New-York Insurance Company*, for his own use, and paid for them with his own moneys, but bought the stock in the name of the defendant, *Benjamin Gray*, then residing in *England*. That *B. G.* gave him a power of attorney to receive the dividends, and he received them to his own use. No memorandum of the trust was made, or if made was lost. The intestate

*April* 12th.

received the dividends, and never accounted or was required to account to and with *B. G.*, from that time to his death, in *November*, 1808. That *B. G.* became a bankrupt in *England*, on the 12th of *December*, 1817, and made a full inventory, but no disclosure of these shares. That the defendants, *Wilson* and *Harbottle*, were appointed assignees of *B. G.* That the defendant *Wilson*, their agent, accidentally learned that the shares stood in the name of *B. G.*, and advised the assignees to send him a power to transfer them to his own name, so as to receive the dividends and *defraud the plaintiff.* The power of attorney was sent; and the plaintiff, on the 19th of *June*, 1821, gave notice to the *Insurance Company* of her right. *Prayer*, for an injunction, to stop the transfer, or from paying the dividends to the defendants, and that the shares may be decreed to be assigned to her. The bill was sworn to by the plaintiff, and an injunction granted.

Petition of the plaintiff, (*April* 8, 1822,) stating the fact of the bill and the injunction, and that all the defendants appeared and answered, in *October* last. That the answer of the defendants, *B. G.*, *W.* and *H.*, was excepted to, for insufficiency, and the exception allowed by a master. That the master's report was filed on the 11th of *March* last, and is not excepted to. That the plaintiff filed the bill, as administratrix, in relation to commercial matters of the intestate, and was not sufficiently apprized of many particulars which, since the filing of the answers, and in consequence of the matters therein stated, she is advised should have been stated and charged; and matters are stated in the bill which ought not now to be retained. *Prayer*, for leave to amend the bill, by rectifying such statements as were not within her actual knowledge when the bill was drawn, according to what she now believes to be true, and by omitting such matters as were alleged in the bill on her belief only, and are immaterial, and by inserting other matters and charges, as she shall be advised to be material.

*Henry*, in support of the petition. He cited *Cooper's Eq. Pl.* 73, 74, 75. 332, 333, 334. 2 *Madd. Tr.* 206. 287. 333. *Mitf. Pl.* 256. *Newland's Pr.* 29. *Hinde's Pr.* 23. *Dick. Rep.* 441. 536. 1 *Johns. Ch. Rep.* 434. 3 *Ves. & Bea.* 144. 11 *Vesey*, 565.

1822.

RENWICK
v.
WILSON.

*G. W. Strong*, contra. He cited the 90th rule, and the 11th rule. 4 *Johns. Ch. Rep.* 375. 3 *Ves. & Bea.* 144.

THE CHANCELLOR. If this was the case of an ordinary bill not sworn to, the amendments would be admitted as of course, under the *fifteenth* rule of this Court, for the answer of the three principal defendants was excepted to for insufficiency, and the exception, on reference, has been allowed. But it is an injunction bill, and this makes the difficulty in the case. The 90th rule will not allow an amendment, *as of course*, before answer to a bill which has been sworn to. That rule, by the express terms of it, had reference to the 11th rule, and it does not apply to cases arising under the 15th rule; and the allowance of amendments to the bill, under the circumstances of a case like the present, must depend on sound discretion, and the general course and practice of the Court.

In the late case of *Dipper* v. *Durant*, (3 *Merivale's Rep.* 465.) the defendant had put in an answer to an injunction bill, and in a case where an injunction had been obtained, and exceptions taken to the answer. Lord *Eldon* said, it was of course to grant leave to amend, so long as the defendant had not put in a further answer, and the defendant answers the amendments and exceptions together. Nothing was said in the order as to the injunction being saved, and it was taken for granted, that the amendment did not prejudice the injunction previously obtained. So, in the case of *Adney* v. *Flood*, (1 *Madd. Rep.* 449.) a motion was made for leave to amend the bill, after exceptions to the answer allowed, but not answered. It was a case in which an injunction had been allowed; and the *Vice Chan-*

*cellor* observed, that the words, " without prejudice to the injunction," were unnecessary, as the amendment would not affect the injunction. The condition to the order for amendment, that it should be without prejudice to the injunction, was, however, required in a case, (*Dixon* v. *Redmond*, 2 *Sch. & Lef.* 515.) where exceptions to the answer *had not been disposed of.*

The decision of the Vice Chancellor was contrary to what Lord *Eldon* had previously said, in *Bliss* v. *Boscawen*, (2 *Ves. & Bea.* 101.) for he there held, that an injunction fell, by amending the bill, unless expressly saved in the order for amendment. But the rule, as declared by the Vice Chancellor, is best established. In *Mason* v. *Murray*, (*Dickens' Rep.* 536.) Lord *Bathurst* held, that an injunction did not drop, of course, on amending a bill, for the amendment might not, in the least degree, affect the injunction : and the report of Mr. *Dickens*, the Register, in that case, appears to have supported that point by very sufficient considerations, and which carried conviction to the mind of Lord *Bathurst*.

The cases seem to leave no doubt of the practice of the Court, in allowing amendments after answer to an injunction bill ; and the conclusion which they establish is, that the injunction must stand or fall upon the original bill and the answer thereto, and the amendments cannot be used in support of the injunction. (*Mayne* v. *Hochin*, *Dickens*, 235. *Vere* v. *Glynn*, *Dickens*, 441.) In *Sharp* v. *Ashton*, (3 *Ves. & Bea.* 144.) after exceptions to the answer were allowed, the plaintiff had leave to amend an injunction bill, and where the injunction had issued; and the order was, that the defendant answer the amendments and the exceptions at the same time. But before the answer came in, the plaintiff applied for leave to *re-amend* on payment of costs, and without prejudice to the injunction ; and on affidavit that, *except by answer to the amended bill,* the plaintiff had no notice of a material fact. Lord *Eldon* admitted the practice to amend injunction bills, but

said, that the Court very rarely allowed a re-amendment of an amended bill, and the Court must know what were the proposed amendments, and whether they were material, and the plaintiff must show by clear and positive affidavit, that he had not knowledge of the facts to bring the case upon record sooner. So in *Mair* v. *Thellusson*, (cited in note to 3 *Ves. & Bea.* 145.) Lord *Eldon* allowed an amendment to an injunction bill, after an application by the defendant for further time to answer, and then a re-amendment in specified particulars.

In the application of these cases to the one before me, the circumstance of its being an injunction bill, is no obstacle to the allowance of the amendment, provided a proper case for the amendment be otherwise made out. The petition here does not specify what amendments are proposed to be made. The matter of the amendments is not stated, so as to enable me to see and judge of the materiality of the amendments. This was required by Lord *Eldon*, in the two last cases of *re-amendments* to an injunction bill; but, ordinarily, I believe the plaintiff is allowed to amend, *as he shall be advised*, and the orders are to that effect. (*Equity Draftsman*, p. 590, 591. *Lond.* ed. 2 *Harr. Pr.* 57. *Mitf.* 256.)

I shall, therefore, grant the petition, so far as relates to additions to be made to the bill; but I cannot allow any part of the bill to be stricken out, without a previous specification of the parts intended to be omitted. There are two of the defendants whose answers have not been excepted to. If an order was to be made, co-extensive with the general prayer of the petition, the whole substance of the existing bill might be expunged, and all the material facts admitted in it might be withdrawn. Such a general power of amendment to an injunction bill, sworn to, and upon which process of injunction has been obtained, ought not to be granted, without further explanation of the way in which the bill is to be amended. If the injunction is to be

1822.

RENWICK
v.
WILSON.

left to rest upon the merits of the original bill, it implies that none of the charges in that bill are to be expunged.

The following order was entered :

" *Ordered*, that the petition of the plaintiff be granted, so far as that she be at liberty, within 20 days, to amend her bill by inserting such additional statements, matters, and charges, as she shall be advised are material, and that the same be made without prejudice to the injunction ; and that the defendants, *Benjamin Gray, John Wilson,* and *Thomas Harbottle,* answer the exceptions and the amendments together ; and that the residue of the prayer of the petition be denied, with liberty, nevertheless, to the plaintiff, at her election, to act under this order, or, on or before the first day of the next term, upon payment of the costs of resisting this motion, to renew her motion, upon due notice thereof, to amend, accompanied with an affidavit, stating, clearly and precisely, the amendments, alterations, and omissions proposed."