## WALKER *v.* AYRES, Adm'r, and RYDER.

The appellate court can only act upon the testimony upon which the decree below was rendered.

Where an amendment to an injunction bill, avers matters material to sustain the injunction, such amendment must be verified to the same extent as the original bill.

And where such amendment has been demurred to, for the reason that it was not so verified, the appellate court can give no weight to the allegations it contains.

Notice to the attorney, is notice to his client.

Where the complainant in chancery is entitled to any relief, under the case made in his bill, it should be granted *pro tanto.*

In equity, where a party seeks to enjoin the collection of a judgment at law, upon the ground that he has certain demands against the plaintiff in the execution, which should be set off against such judgment, he should disclose as strong a claim to be paid the debt sought to be set off, as if he was suing originally on such debt.

And where the complainant claimed, that a certain judgment should be set off against the judgment of the execution plaintiff, but did not allege that it remained unsatisfied and in full force; and where the answer denied that such judgment was in full force, and remained unsatisfied, and the proof indicated that the judgment was in fact satisfied; *Held,* that the complainant had not made such a showing as entitled him to offset the judgment.

### *Appeal from the Lee District Court.*

THIS was a bill in chancery, filed by Walker, May 8, 1851, seeking to enjoin an execution against him, in favor of Ayres, administrator of Davis. The case made by the bill is substantially as follows: In April, 1841, a judgment was obtained in the Lee District Court, in favor of the estate of Davis against Walker, and one Henry Eno, for some $990. On this judgment, payments were indorsed as follows: June 1, 1844, $29; August 24, 1844, $305; Jan. 10, 1845, $13.25. In March, 1851, an execution issued for the balance due on said judgment, deducting said payments, which was levied on certain property of Walker, and which execution is the one sought to be enjoined by this bill. This judgment was assigned by the administrator to Ryder, his co-defendant;

the date of assignment is not shown in the bill, but the record discloses that it was made January 15, 1845.    The bill further states, that on the 25th of April, 1842, the complainant recovered a judgment in the same court against the said Ayres, as administrator aforesaid, for $268.76, and that the same remains unsatisfied and in full force ; that on the 26th of the same April, one Wilson recovered judgment against the administrator, in the same court, for $318.17, which was afterwards assigned to complainant; but when it was assigned, is not stated, nor is this judgment averred to be unsatisfied or in force.    Also, that J. & G. Shaffer recovered a judgment against Ayres, as administrator aforesaid, in April, 1840, in the same court, for $29.99, which is averred to be unsatisfied, and of which complainant avers he is the equitable owner.    He also avers that Ryder knew, at the time of the assignment to him of the judgment against complainant and Eno, that he, complainant, held the said judgments against the said administrator, and was entitled to offset them, and that the said judgment was fraudulently assigned for the purpose of preventing such set-off.    The insolvency of the estate of Davis is also averred, and the bill admits, that after deducting the payments and judgments aforesaid, there will still be a balance due from petitioner, of $82.46. The prayer is, to enjoin the collection of any more than said $82.46; that an account be taken; and that petitioner be allowed to set off said judgments, and for general relief. This bill is sworn to, and calls for a sworn answer.

No answer is made by Ayres.    Ryder answers, admitting the correctness of the payments claimed on the judgments as assigned to him, and that the complainant's property was about to be sold to satisfy the balance.    He also admits the recovery of the Wilson judgment, as stated, but avers that he is informed and believes that it was satisfied and paid before the pretended assignment to complainant.    He avers a want of knowledge as to the alleged judgment in favor of complainant against the estate ; but, if recovered, he denies that it remains unsatisfied, and requires strict proof.    He, in like manner, avers a want of knowledge as to the judgment

in favor of Shaffer; denies that complainant is the equitable owner, or that it remains unpaid; and insists upon proof. He denies all knowledge that complainant held these judgments, at the time he took the assignment from Ayres, or that he was entitled to offset them; denies that said assignment was made for any fraudulent purpose, but for a valuable consideration, in satisfaction -of claims to a large amount, which he held against said estate. He avers a want of knowledge as to the insolvency of the estate of Davis, and says there is due on the judgment so assigned to him, $1,172.03. This answer was sworn to, and to it there was a replication, in denial. After several continuances, and after depositions had been taken, it appears that complainant filed an amendment to his bill, averring the insolvency of Eno; that the Wilson judgment remained unsatisfied; and some other matters, not necessary to be noticed. This was filed January 14, 1854, but was not sworn to. On the 6th of April, 1854, respondents filed their demurrer to this amendment, as also an answer, and a motion to dissolve the injunction; and on the 8th of the same month, the cause coming on to be heard on the motion to dissolve, and " to dismiss the suit," the same was sustained, the injunction dissolved, suit dismissed, and the costs adjudged against the complainant.

*J. C. Hall*, for the appellant.

*Geo. C. Dixon*, for the appellee.

WRIGHT, C. J.—It is claimed that the court erred in dissolving this injunction, and dismissing the suit. To determine this, it becomes necessary to refer to the testimony as shown by the depositions. Taylor, the former sheriff, swears that he had in his hands, an execution in favor of the estate of Davis, against Wilson, which was for a larger amount than Wilson's judgment against the estate, on which he also, at the same time, had an execution; that he sold the property of Wilson, to satisfy the balance of the execution

against him, after deducting his judgment against the estate, it being understood between the parties at the time, the smaller judgment was to be offset; but that he returned the executions unsettled, he having no directions to indorse satisfaction on either, and that if he had been so instructed by Ayres, he should have credited the Wilson judgment on the execution in his favor.

Philip Viele swears, that he was the attorney of Ryder, and had a negotiation with Ayres, with regard to Ryder's claim against the estate; that Ayres proposed to assign the judgment against Walker and Eno; and that during the negotiation, they called on Walker, for the purpose of ascertaining the amount of the credits which he claimed, and that Walker then made a memorandum of the same; that Ayres objected to allowing the Wilson judgment, claimed by Walker, on the ground that it had been paid by set-off, in the manner referred to by Taylor, prior to the assignment to Walker; that he knew of such assignment to Walker of the Wilson judgment, at the time he took the assignment to Ryder; and that beside the payments stated in complainant's bill, he had received on the 16th of June, 1851, $82.46, on the judgment against Walker.

John G. Walker swears, to the interview between Ayres, Viele, and Joel C. Walker; states that it was in the winter of 1845, in the clerk's office of Lee county; that Ayres was satisfied with all the claimed credits, except the Wilson judgment; and that said Wilson judgment was assigned to complainant the fall before.

Samuel B. Ayres swears, that Walker was entitled to a credit for all of said judgment, except $406.90 which was assigned to Ryder, on January 15, 1845; that Walker also claimed, either at the time of the interview referred to by the other witnesses, or since, a credit for the Wilson judgment; that he would not allow it, because of its payment in the manner stated by Taylor; that he directed the sheriff to make the proper set-off and returns, and supposed it had been done, until the day of taking his deposition; that he does not know whether Ryder knew that the judgment

against Walker was all satisfied, except $406.90, at the time of its assignment to him; and that the assignment was made to Ryder in good faith, and for a valuable consideration.

So far as the record discloses, this was all the testimony offered. The complainant brings into this court, transcripts of the judgments referred to in his bill. There is nothing to show, however, that such testimony was used, or offered, in the court below, and it cannot be considered here. We can only act upon the testimony upon which the decree below was rendered. *Perkins* v. *Testerment*, 3 G. Greene, 207. We must, therefore, decide the case, without reference to such transcripts.

Neither do we give any weight to. the allegations contained in the amendment to complainant's bill. This was demurred to, for the reason that it was not accompanied with the necessary verification. It is clear, it should have been so verified. Had it been a mere formal amendment, averring nothing material to the sustaining of the injunction, such oath might have been unnecessary. But containing, as it did, substantial matter, we know of no rule that would permit such amendments, without verification to the same extent as the original bill. Eden on Injunc. 149; *Rogers* v. *Rogers*, 1 Paige Ch. 424; *Whitemarsh* v. *Campbell*, 2 Ib. 69; *Renwick* v. *Wilson*, 6 Johns. Ch. 81; *Parker et al.* v. *Grant et al.*, 4 Ib. 434; *Verplanck* v. *Mercantile Ins. Co.*, 1 Edw. Ch. 46.

The case must, therefore, be determined on the original bill, answer, replication, and the testimony above recited. It will be observed that the court below, dissolved the injunction, and dismissed the complainant's suit, leaving the parties just as they stood before the bill was filed. We cannot think this was correct. The execution which was enjoined, was for the whole amount of the judgment, less certain credits, amounting in all to $347.25, and the sheriff had levied upon property, and was about to sell it to satisfy the balance of said execution, less these payments. This is averred in the bill, and admitted in the answer, the defendant claiming, that those were all the just credits that should

SUPREME COURT CASES—1855.

Walker v. Ayres and Ryder.

be made on said judgment, and so treating it, he says in the conclusion of his answer, there is still due him $1,172.03. Then, as the decree now stands, the plaintiff in the judgment at law, is authorized to proceed in its collection, deducting therefrom only the said credits, amounting to $347.25, which would leave due at the time of the settlement and assignment to Ryder, in June, 1845, about the sum of $783, and near the amount which respondent claims at the time of answering, in March, 1852. To say nothing of the Wilson judgment, this would be clearly inequitable, according to the testimony. The depositions of Viele and John G. Walker show, that Viele was acting as the attorney of Ryder, at the time of the assignment, and before it was made; he had full knowledge of what it was, that Walker claimed, and exactly what the subject of controversy was between him and Ayres, to wit, the Wilson judgment. All other claimed credits, were conceded to be correct. So that the attorney of Ryder had notice of what was claimed by Walker, and what it was he was getting in payment or security for the debt of his client. Such notice was the same, as if brought directly home to Ryder. Ayres swears to the same thing, and he moreover states, that the Walker judgment was then all paid, except $406.90, and that this was assigned to Ryder. So that instead of there being a balance of $783, in January, 1845, when the judgment was assigned, there was only the sum of $406.90. How the calculation was made, or what the credits agreed upon were, is not disclosed. But by taking these payments, amounting to $347.25, and adding thereto the Walker judgment of $268.76, and that of the Shaffers, $29.99, and deducting them, we will approximate the amount assigned, $406.90. The suit should, therefore, not have been dismissed, nor the injunction entirely dissolved. If the complainant was entitled to any relief, under the case made in his bill, it should have been granted *pro tanto.* It is no answer to this, to say that Walker's and Shaffer's judgments could not be legally offset against the judgment obtained against Eno and himself. If Ayres so agreed, however, he would be bound by the agreement, and

Walker v. Ayres and Ryder.

Ryder, through his attorney, having notice, would be bound in like manner.

It, then, still remains to consider the claim to offset the Wilson judgment. And to this, there is one sufficient and controlling objection. The complainant is seeking to enjoin a judgment at law, upon the ground that he has certain demands against the plaintiff in the execution, which in equity and good conscience, should be offset against such judgment. In such case, he should at least disclose as much, or as strong, a claim to be paid the debt sought to be offset, as if he was suing originally on such debt, to say nothing of other matters and equities that it might be necessary to show. With regard to the Wilson judgment, however, he does not show anything that would entitle him to offset it. It is not sufficient that such judgment was once rendered. It must have remained unsatisfied and in full force. This is nowhere averred. He is particular to state, that his own and the Shaffer judgment, are unsatisfied and in full force; but he makes no such averment as to the one in favor of Wilson. It is also expressly denied in the answer, that this judgment is in full force or unsatisfied. And there is not only the want of such averment in the bill, and the existence of such denial in the answer, but the proof pretty conclusively shows, that such judgment was in fact satisfied.

We think, therefore, that the decree below should have been to enjoin the collection of all of said judgment, except $406.90, with interest thereon, from January 15, 1845, and deducting therefrom the sum of $82.46 of date June 16, 1852, which is shown to have been paid since the filing of the bill.

The decree will be reversed, and *procedendo* issued to the court below, to enter a decree in accordance with this opinion.