MOUNT OLIVET CEMETERY COMPANY *vs.* J. H. BUDEKE.

October Term, 1876.

PRACTICE—AMENDED BILL ON DEFENCE MADE.—It is of course to allow the complainant to amend his bill without costs upon defence made, either by plea or answer, so as to enable him to shape his pleadings for the better development of his case; amendments after replication, or the setting of a demurrer or plea for hearing, will be upon terms.

*E. H. East*, for complainant.
*John Ruhm*, for defendant.

THE CHANCELLOR :—The original bill was filed on the 10th of May, 1875, for an account with the defendant, as treasurer of the company from September, 1865, to December, 1871, upon the allegation that the defendant had made no settlement of his accounts with the company, and had refused, for a long time, to give up, or allow an inspection of, his books. That, since the books have come to the hands of a committee of the company, it has been found that the defendant has received from the sale of lots about $5,000 not accounted for. That the books show collections and disbursements to certain amounts given, and prove him in default; " but complainant is satisfied that, if defendant had honestly and accurately kept the books, as he should have done, many other items would be added, which would swell

the default several thousand dollars." An injunction was prayed and obtained against defendant taking or demanding the books, and against the defendant transferring his stock in complainant's company.

On the 14th of December, 1875, the defendant filed a plea of what he calls a stated account, but which is only a report by a committee of the company, of " a full settlement of the books " of defendant as treasurer, showing a balance due from him to the company of $48.76, and a resolution of the board of directors of the company authorizing the committee to give defendant " a receipt in full of all balances due from him to the company," on his paying over the $48.76, and surrendering all the books in his hands containing entries of cemetery receipts, notes, or accounts due the company, reports and other books or property belonging to the company, " and any mistake, on either side, which may hereafter be discovered, is to be rectified." The plea does not aver that the defendant has ever paid the balance found by this report, or otherwise complied with the conditions stated, or that no mistakes on either side have been discovered, or, if discovered, have been rectified. The plea only shows a " settlement of the books," and does not meet the charge that, if the books had been honestly kept, many other items would have been added, which would swell the default found by the books several thousand dollars. The plea does not, therefore, cover the bill, and is fatally defective as a defence to the whole bill.

But, if it had been a full and complete defence, and therefore a sufficient answer to the whole bill in law, if true, it would not stand in the way of an amendment of the bill. It is of course to allow the complainant to amend upon the coming in of the answer, or any other defence made, so as to shape the pleadings for the better development of the complainant's case. This is so when a plea has been filed, and before it has been set for hearing, or replied to. *Jennings* v. *Pearce*, 1 Ves. jr. 447 ; *Dipper* v. *Durant*, 3 Mer. 455 ; *Vernon* v. *Cue*, 1 Dick. 358 ; *Carleton* v. *L'Estrange*,

31

1 Turn. 23. And the English practice is to authorize the plaintiff to amend "as he may be advised," and the order is as of course, without requiring him, at this stage of the cause, to specify the desired amendments. 1 Newl. Ch. Pr. 196, and 2 Newl. Ch. Pr. 240, 254, where the forms are given. *Renwick* v. *Wilson*, 6 Johns. Ch. 85. And this without prejudice to an injunction previously obtained. *Adney* v. *Flood*, 1 Madd. 449; *Mason* v. *Murray*, 2 Dick. 536; *Warburton* v. *London, etc., R. R. Co.*, 2 Beav. 255. And even if the order be silent on the subject. *Selden* v. *Vermilya*, 4 Sandf. Ch. 573. The statements in 1 Barb. Ch. Pr. 210, relied on by counsel, that amendments to a sworn bill must be under oath and by special order of court, are based upon the New York rules.

The amended bill, presented on the 20th of December, 1875, is merely for the purpose of bringing out more fully the matters of the original bill by specifications of omissions from the books, and to show that the "settlement of the books" relied on in the plea was materially defective and false by reason of the fraudulent manner in which the defendant is charged to have kept his books. It does not change the case made in the original bill, but only strengthens and enlarges it. The only costs which ought to be charged upon the complainant in such a case are the costs of the amendment, if the court is satisfied that the amendment is not resorted to for delay. The rule is different where the amendments are sought after replication, or setting the plea or demurrer for hearing. In such a case the complainant should be charged with the costs attending the filing of the plea and setting it for hearing. 1 Newl. Ch. Pr. 196. And the court might, under our practice, where the only costs are the fees of the ministerial officers of the court, order, in a proper case, the payment of all costs. The order drawn up in this case must stand.