By the Court.
The first question is whether the injunction was regular under the circumstances, and we are of opinion that it was not regularly granted, and the order setting it aside must be affirmed. The only security taken was under section 232 of the code; and the undertaking there provided, applies only where there is no provision by statute for other security.
The revised statutes, (2 R. S. 189, 190, § 141 to 149,) require, that before the issuing of an injunction to stay proceedings in a personal action after judgment, a deposit shall be made of the amount of the judgment, and a bond with sureties executed for the payment of the. damages and costs to the adverse party. Power was conferred on “ the chancellor,” to dispense with the deposit, and receive a sufficient bond for the amount of the judgment ; and when the ground óf the injunction is that the judgment was obtained by actual fraud, “ the chancellor” had power to dispense with both deposit and bond.
It is contended, on the part of Cook, that these provisions are' repealed by the code, and a new system substituted.
We think not. The code refers repeatedly to existing statutory provisions as to giving security on various proceedings. There is no inconsistency between the requirements of the revised statutes to which we have referred, and the undertaking to be given under the code in all cases of injunction. Both systems may work harmoniously together, and there is no reason for holding that the simple undertaking prescribed in the code, is a substitute for the well matured and important provisions of the former law on the subject.
As to the actual fraud alleged. It is true, that if the justice at chambers could not dispense with the security, and deposit on this ground, the court could do so when moved to dissolve or set aside the injunction. We have, therefore, looked into that matter. The statute does not mean the kind of fraud set up in this complaint, which is merely a breach of promise. It is com *693 plained that Dickerson has not performed what he agreed to do, if Cook would confess the judgment. The fraud meant, is such as substituting one paper for another, a false representation of facts, and the like. The statement made may be a good ground for the court to interfere to relieve Cook; but he must give the security according to the statute, and have relief on establishing a proper case for it.
Order affirmed, with leave to Cook to give security in ten days, according to the statute, in which event injunction to stand.