Winfield v. Bacon.

[Kings Special Term, March 23, 1857.   *Birdseye*, Justice.]

---

## Winfield *vs.* Bacon and Comstock.

A receiver, who has obtained authority from the court to sue, is not only authorized but bound to proceed with his action, and he is not to be restrained by injunction out of another court, or by making him a party to a new action and obtaining an injunction against him.

The proper method of restraining him when engaged in the discharge of his official trust, is by application to the court whose officer he is, for instructions.

As a general rule, a defendant who has an equitable defense to an action, being now authorized to set it up by answer, is bound to do so, and he will not be

Winfield v. Bacon.

permitted to bring a separate action merely for the purpose of restraining the prosecution of another action pending in the same court.

Nor can one court, in this state, rightfully enjoin a defendant from proceeding in a suit in another court of the state, having equal power to grant the relief sought by the complaint.

A receiver, having a fund in his hands, realized from a sale of land, to which there are two claimants, each of whom has commenced a separate action against him in respect to that fund, and obtained an injunction to prevent him from paying it over, may bring an action, in the nature of a bill of interpleader, against the rival claimants, to compel them to interplead and settle their rights between themselves.

MOTION, by the defendant Comstock, to dissolve an injunction. Early in 1853, an action was brought in this court, by Eckerson & Dominick, who were judgment creditors of Gottfried Vallmer, having an execution on their judgment returned unsatisfied, against Gottfried Vallmer, and John A. Vallmer and his wife. Gottfried Vallmer did not answer in the action, but John A. Vallmer appeared and answered, and the cause was referred. The referee, after hearing the testimony, made his report, finding that Eckerson & Dimick were such judgment and execution creditors of Gottfried Vallmer. That Gottfried being, on the 30th of June, 1851, the owner of a farm of land in Deer Park, Orange county, on that day conveyed the same by deed, in which his wife united, to Samuel & John P. Fowler. That this deed was made for the purpose of securing an indebtedness of about $1000, then due from Gottfried to the Fowlers, and with an express agreement between the Fowlers and Gottfried, that on Gottfried's paying that indebtedness, the Fowlers should convey the premises to him or to any person whom he might appoint. That on the 21st of July, 1851, Samuel Fowler and wife and John P. Fowler conveyed said lands to John A. Vallmer, at the request of Gottfried Vallmer, and pursuant to the agreement so made between him and said Fowlers. That to secure the said debt so due to the Fowlers, John A. Vallmer, at the time of the conveyance of the farm, gave back his bond and a mortgage on the farm to said Fowlers for $1000, that being the amount of their debt; John Vallmer's wife joining in the mortgage. This mortgage has been assigned to the pres-

ent defendant, Daniel P. Bacon; and the action of Bacon, here-inafter mentioned, was brought for the purpose of foreclosing that mortgage. The report further found as a fact, that Gott-fried Vallmer procured John A. Vallmer to take, and John A. Vallmer did take the conveyance from the Fowlers, with the fraudulent purpose of hindering and delaying Gottfried Vallmer's creditors, in the collection of their just debts against him; that the lands were, at the time of the conveyance to John A. Vall-mer, worth much more than the incumbrances then on the prop-erty, including the mortgage to the Fowlers. That John A. Vallmer, after the conveyance to him, entered into the possess-ion, and received the rents, issues and profits thereof; that after taking possession, he paid a mortgage on the lands, subject to which they had been conveyed to the Fowlers and to him; and also made various repairs and permanent improvements on the premises; and that after deducting the rents and profits of the lands which he had received, there was still due to him on these accounts the sum of $2062.55, which he was entitled to have reimbursed to him. The report then proceeded to adjudge and determine that John A. Vallmer stood seised of the lands as trustee for the plaintiffs in that action, and other creditors of Gottfried Vallmer. That a receiver of the property be appoint-ed, to whom John A. Vallmer and wife should convey the lands; that the receiver should sell the lands at public auction, and out of the proceeds pay, first, the costs and expenses of the sale, and his own fees and commissions; second, that he pay to said John A. Vallmer the said sum of $2062.55, being the balance due him for his advances in taking up the mortgage aforesaid and in making the improvements and repairs on the premises; that he take John A. Vallmer's receipt for the payment and file it with his final report; third, that he pay to the then plaintiffs, Eck-erson and Dimmick, the amount of their judgment against Gott-fried Vallmer, with their costs in that action; and that he bring the remainder of the money into court, and deposit it with the clerk of Orange county, to abide the order of the court.

At a special term held at Newburgh, on the 3d of July, 1854, this report was confirmed, and judgment in pursuance of its

findings and determinations was entered; the present plaintiff, Charles H. Winfield, being in that judgment appointed the receiver of the lands in question. Pursuant to that judgment, and on the 20th of November, 1855, John A. Vallmer and wife conveyed the premises to Mr. Winfield as receiver; who, on the 19th of February, 1856, sold the lands under the judgment, at auction, for $3100. Before the receiver could pay over to John A. Vallmer the $2062.55, due to him under the judgment, one Boehringer, claiming to be a creditor of his, and to have an equitable lien on these moneys, applied to be made a party defendant in the suit of Eckerson *v.* Dimmick, and to obtain those moneys; and procured an order staying the payment by the receiver to John A. Vallmer of this sum of money. This stay was not terminated till the 8th of April, 1856, when the general term, upon appeal, affirmed an order made at special term, denying to Boehringer leave to come in, and dismissing his application.

On the 30th of March, 1856, Daniel P. Bacon, one of the defendants in this action, commenced an action to foreclose the mortgage for $1000, given by John A. Vallmer to Samuel and John P. Fowler, on their conveyance to him, in July, 1851, as above stated. In his complaint in this action, Bacon claimed to be the assignee of that mortgage; he made Winfield, the receiver, one of the defendants, and claimed to have the mortgage satisfied out of the moneys in his hands as receiver. He also prayed for an injunction to restrain the receiver from paying over any of the moneys awarded to John A. Vallmer, till his claim to the moneys upon his mortgage was passed upon. That injunction has been issued, and is still in force.

On the 8th of January, 1855, Benjamin W. Davis recovered a judgment in this court against John A. Vallmer for $356.89, on which an execution was issued and returned unsatisfied; and upon supplementary proceedings, Nathan Comstock, jun., the other defendant in the present suit, was appointed receiver of John A. Vallmer's property and effects. On the 14th of April, 1855, John Lutz also recovered a judgment against John A. Vallmer, for $810.44. Similar proceedings were had, and Mr.

Comstock was appointed receiver of the property and effects of Vallmer in that case, also. Thereupon Mr. Comstock, as such receiver, obtained leave of the court to sue, and in May, 1856, he brought an action against Mr. Winfield. In his complaint he set forth the proceedings by which he was appointed receiver of John A. Vallmer, and claimed to be vested, as such receiver, with all John A. Vallmer's rights. He then set forth the proceedings in the case of Eckerson v. Dimmick, the appointment of Mr. Winfield as receiver in that case, the sale of the farm and the receipt by Winfield of the price of it, $3100, of which $2062.55 was thus awarded to John A. Vallmer. The complaint then claimed judgment for this sum against Winfield, with costs, and prayed also for an injunction to restrain Winfield from paying over any portion of the moneys, during the pendency of the suit, or until the further order of the court. An injunction was issued in ·pursuance of that prayer, which was served on Mr. Winfiel l and was still in force. To this complaint of Comstock, Winfield answered, and the cause was at issue, undetermined. At this time Mr. Winfield became the actor, by commencing the present action against Bacon and Comstock. In his complaint he set forth, in substance, the facts above stated as to his own appointment and rights, and the claims and suits of Bacon and Comstock against him. He also stated that before the commencement of either of those suits, and by virtue of orders made in the original suit of Eckerson and ·Dimmick against the Vallmers allowing and directing him so to do, he made various payments to Eckerson and Dimmick, and their attorneys, for the costs and judgment in that action, and to some other persons as judgment creditors of John A. Vallmer. These payments amounted to about $1400, and there remained in his hands about $1700; which sum, or whatever upon a fair accounting should be found in his hands as receiver, he was ready and willing to dispose of, according to the direction of this court. He further stated that he was ignorant and had no means of ascertaining with safety to himself, whether the moneys in his hands as receiver, belonged to Bacon as assignee of the mortgage, or to Comstock as receiver; and that, being restrain-

ed by injunction, upon the prayer of each of them, from paying any of the money to the other, he could not pay it to either of them, but he offered to pay the money into court, after deducting his fees, commissions and expenses, in order that the claimants might interplead and settle their claims among themselves ; and he prayed that he might have the judgment of the court respecting the manner in which the moneys should be applied.   After denying collusion with the defendants in bringing the suit, the complaint prayed for an injunction to restrain the defendants from taking any further proceedings, against the plaintiff in their respective actions against him for the moneys, till the further order of the court ; and that the defendants might interplead and settle their claims to the money between themselves ; and the plaintiff offered to pay into court the balance in his hands as receiver, as soon as he could do so, in view of the orders of injunction which prevented him from parting with the money. There was also a prayer for general relief.

An order of injunction was granted according to this complaint.   And the present motion was by the defendant Comstock to vacate that injunction, so that he might proceed with his suit against Winfield.   The defendant Bacon was not brought before the court on this motion.

*D. C. Kingsland,* for the plaintiff.

*T. J. Taylor* and *S. Sanxay,* for the defendant Comstock.

BIRDSEYE, J.   It is doubtless true, as contended for the defendant Comstock, that he is the officer of the court; and generally, an officer of the court who has obtained authority from it to sue, is not only authorized, but bound to proceed with his action, and is not to be restrained by injunction out of another court, or by making him a party to a new action, and obtaining an injunction against him.   The proper method of restraining such an officer when engaged in the discharge of his official trust, is by application to the court whose officer he is, for instructions.   (*See Van Rensselaer* v. *Emery,* 9 *How. Pr. R.*

138.) But that rule, instead of being a warrant for this motion, furnishes, rather, a complete answer to it. It was first violated when Comstock obtained his injunction against Winfield, instead of applying for instructions in the action in which Winfield was appointed, to direct the payment of the funds in his hands. That general rule protects Mr. Winfield as well as Mr. Comstock. It will be observed rather by sustaining than by dissolving the present injunction.

It is also true, as a general rule, that the defendant who has an *equitable* defense to an action, being now authorized to interpose it by answer, is bound so to do, and shall not be permitted to bring a separate action merely for the purpose of restraining the prosecution of another action pending in the same court. (*Foot* v. *Sprague*, 12 *How. Pr. R.* 355.) Nor can one court, in this state, rightfully enjoin a defendant from proceeding in a suit in another court of the state, having equal power to grant the relief sought by the complaint. (*Grant* v. *Quick*, 5 *Sand. S. C. R.* 612.)

It is no *defense* to the action of Comstock as receiver, against Winfield as receiver, that Bacon *claims* a large part of the moneys which Comstock sues for. To constitute a defense, it must appear that Bacon's claim is well founded; and Winfield does not know whether it is well founded or not. He is not bound to inquire; or, if he has satisfied himself of its correctness, to maintain it. The same remarks apply, *e converso,* to the action brought by Bacon; with this distinction, that Comstock's claim, if sustained, will take the whole of the money in the hands of Winfield, while Bacon's claim may be satisfied with less than the whole of it.

The ground upon which all the numerous decisions under the code have proceeded, in holding that a separate action shall not be brought merely to restrain the further prosecution of another action already pending in the same court, is plain. The court has already jurisdiction of the action and of the parties. The defendant may in his answer set forth all his equities, and may show himself entitled to any affirmative relief. And the court has received, in the code, such a grant of power as to be able

to dispose of the whole controversy, and do complete justice be-
tween the parties. It is by the test of these reasons that the
question must be tried, which of these three suits shall be al-
lowed to proceed, and which shall be suspended.

The action of *Eckerson and Dimmick* v. *Vallmer,* is obvi-
ously not the one in which the litigation is to be had. Neither
Bacon nor Comstock is a party to it. And Winfield himself
is not strictly a party to it, though appointed by the court its
officer to carry the judgment into effect. Neither of the three
parties can appropriately bring before the court the grounds of
their claim. For there are no provisions for their pleading or
interpleading in that action, or for bringing any issue to trial,
if one were joined. That action has subserved the purpose for
which it was instituted. The plaintiffs have established the fraud
between their debtor and John A. Vallmer, and have secured
the payment of their debt. It remains now, only to ascertain
what funds are in the hands of the receiver appointed in that
action. To do that, it is only necessary that he should pass
his accounts. For it seems but right that the receiver, who
was appointed only in that action, who was made the hand
of the court, only to take charge of the property, which is
subject to the order of the court therein, should be allow-
ed, after having carried the judgment into effect as far as is
possible, to settle his account and retire from the contest. He
cannot be compelled to litigate without being entitled to be
paid. If paid from the funds held by him, they are unnecessa-
rily and improperly diminished. Besides, he may, in a litiga-
tion, incur expense, or perform labor, or subject himself to
liability, for which he could scarcely be paid out of the fund,
and yet which he ought not to be compelled to bear individually.
His accounts, therefore, should be settled, and he should be dis-
charged. Of course, as Bacon and Comstock have made claims
to the fund he holds, they should be notified of the accounting,
and would be entitled to a hearing, to show that his payments
had not been made, or were not justified. When the balance
in his hands has been duly ascertained and paid into court, one
party who might be entitled to costs from the fund, is dismissed.

Shall the suit commenced by Bacon proceed, and the others be stopped ? He claims only a portion of the moneys remaining in court, or with the receiver. His claim may be sustained, and satisfied, and still a portion of the moneys remain, the subject of future litigation. Besides : Comstock, the real party to the controversy, is not a party to that suit.

Shall the suit brought by Comstock as receiver proceed, to the exclusion of the others ? His claim, if sustained, will take the whole of the money which remains. But Bacon is not a party to that suit. He may perhaps be brought in. But still the objection will remain that Winfield, as receiver, is unnecessarily and improperly retained as a defendant, and compelled to litigate. To require him to pass his accounts as receiver, upon the trial of the issue between Bacon and Comstock, upon their conflicting claims, is imposing upon him an unnecessary burden, and on the fund a useless expense. And yet, until his accounts are passed, he is not divested of his interest, and cannot be discharged from liability. That accounting, as already intimated, ought to be had as a proceeding in the suit wherein he was appointed. Such an accounting, however, cannot be had, and the money, it would seem, cannot be paid by him into court, till the injunctions procured by Bacon and by Comstock have been removed. To effect that, he must go on and litigate both those suits; either at his own expense, or at that of the fund. During all this time, he must retain an interest in the fund, to the extent of his fees and commissions as receiver, his costs of these various suits, and the payments he had made, out of the fund decreed to John A. Vallmer, before the suits were brought against him by Bacon and Comstock. He is, therefore, not indifferent and disinterested ; but must have affirmative relief, not properly attainable in either of those actions, but in another. This being so, I think he is not in a situation to apply, under the last paragraph of the 122d section of the code, that either Bacon or Comstock be substituted in his place, in the action of the other, and that he be discharged from liability to either party, on paying the debt into court ; ven if the case were

otherwise within the terms of that section, as to which no opinion need be expressed.

It would seem under these circumstances, that the appropriate remedy, if not the only escape from the labyrinth, was for Mr. Winfield to bring this action, in the nature of a bill of interpleader, to compel the rival claimants to interplead and settle their rights between themselves. In the mean time, he can proceed to render an account of his receivership in the suit in which he was appointed, giving due notice to all the parties in interest. The moneys found in his hands will be paid into court, to abide the litigation upon the interpleader. The party who shall be found to have asserted an unfounded claim may, if the nature of the case requires it, be visited with costs. And thus an end may be reached, of what has seemed likely to prove an endless controversy.

But to that end the injunction already granted to Mr. Winfield must stand, and the parties must be required to come in and interplead in this action. Of course, the present motion to dissolve the injunction must be denied. As it was unnecessarily made against an officer of the court, who has necessarily and successfully opposed it, I think he is entitled to the costs of opposing it, even though those costs are imposed upon another officer of the court.

Motion denied, with $10 costs.

[KINGS SPECIAL TERM, March 30, 1857. *Birdseye*, Justice.]