MINOR *a.* WEBB.

*Supreme Court, First District; Special Term, April,* 1860.

INJUNCTION.—AMENDMENT.

An injunction is not the proper remedy to restrain a multiplicity of suits.
An amendment of an injunction extending it to the agents and attorneys of the party, should not be allowed if the injunction should not have been granted originally.

Motion for amendment of injunction.

The facts are stated in the opinion.

JAMES, J.—This motion asks for an order directing an amendment to the original injunction-order granted in the action by inserting therein the words, " their agents or attorneys," so as to extend the operation of the injunction to the agents or attorneys of the parties.

The facts are in substance as follows: Some years since, Webb made an assignment to Minor, in trust for the benefit of creditors, giving preferences. Minor accepted the trust, and after notice to the creditors, converted the assigned property into money, which he still controls. Several creditors obtained judgment against Webb, and commenced actions in different courts, some against Minor and Webb, and some against Minor alone, to set aside the said assignment, as fraudulent and void. Several of said cases were referred, and on the report of the referee, judgments were obtained therein declaring said assignments void, &c. At this stage, the present

action was commenced by Minor, wherein are included, as defendants, the assignor Webb and all his creditors, including the plaintiffs in the several judgments hereinbefore mentioned, praying for a judicial construction of said assignment, that the same may be declared legal and valid, that the creditors of Webb may be required to come in, prove and substantiate their claims under it, and that, in the mean time and until the final determination of said action, all *parties named as defendants*, be restrained from commencing or further prosecuting any suits touching said assignment. An injunction-order restraining the defendants was obtained and served. Afterwards, the plaintiff herein moved, in several of the other actions, and procured the judgments entered therein to be opened, permitting the defendants to put in an amended answer, and directing a retrial before the referee. Amended answers have since been put in—the causes are now at issue on such answers, and having been noticed for hearing before the said referee by the attorneys of the several parties, the plaintiff Minor asks this amendment to the original injunction, in order to stay the attorneys from proceeding with the trial of the several actions before the referee.

It is urged that since the commencement of this action the injunction has been waived by the acts of the plaintiff, by himself proceeding in the other actions and producing a change in their condition, and that the other parties to those actions are at liberty to proceed, notwithstanding said injunction, to the trial of the new issues thus forced into the said causes, and should not be restrained by a new injunction, nor should they by any recognition of the validity of the old one by amendment or otherwise. How this may be I do not now propose to discuss.

It is certain, however, that the amendment ought not to be allowed, unless the injunction was proper in the first instance, nor unless one would be allowed if now for the first time applied for. The Code having conferred legal and equitable jurisdiction upon the same courts, abolished the distinction between legal and equitable remedies, allowed equitable defences, and authorized affirmative relief to a defendant, there now exists no necessity for an injunction in one case to stay the proceedings in another. All that relates to the same subject-matter in litigation, may now be tried and disposed of in the same action, which should be in the action first commenced.

As a general rule, an injunction in one suit to restrain proceedings in another suit, either in the same court, or in another court having equal power to grant the relief sought, will no longer be granted. Such is clearly the spirit of the Code, and such the construction heretofore given it by the courts. (Bennett *a.* Lee, 14 *How. Pr. R.*, 178 ; Arndt *a.* Williams, 16 *Ib.*, 244 ; Winfield *a.* Baker, 24 *Barb.*, 154 ; Dedereik *a.* Haystadt, 4 *How. Pr. R.*, 350 ; Hunt *a.* Farmers' Loan, 8 *Ib.*, 416 ; Grant *a.* Quick, 5 *Duer*, 612.) Whenever the commencement or pending of one suit furnishes a reason for staying proceedings in another suit, an application should be made in the suit sought to be stayed. (See authorities above cited.)

I do not think this omnibus bill should be made an exception to the general rule. The New Haven Railroad case, cited by the plaintiff's counsel, has no bearing upon this question; because it does not appear in that case that any actions had been previously commenced by the defendants, or any of them, which were restrained, or that an injunction was ever issued in that case. That such an omnibus bill is appropriate and often necessary, cannot be disputed ; and an injunction to restrain the parties from commencing other actions respecting the same subject-matter involved, is equally appropriate, but not the right to restrain proceedings in actions previously commenced.

The plaintiffs in the other actions commenced against Minor, by those actions have obtained a lien upon the assigned fund, if the assignment can be broken up, which entitles them to. a preference over other more tardy creditors ; and they should be permitted to proceed in the prosecution of their action, without regard to the wishes or convenience of the assignee of the alleged fraudulent assignment. Every matter set up in this omnibus bill, may be interposed as a defence in the other actions—and being first commenced, they should not be retarded to await the slow process of this action, incumbered as it is with numerous defendants having a separate defence.

In this view of the case, an original injunction, if now asked for, would not be granted, and hence the amendment should not be allowed.

*Motion denied, with $10 costs.*