Loew, J.
This action was brought for the purpose of enjoining and restraining proceedings in another action also pending in this court. As a defendant can now, as a general rule, interpose any defense he may have, whether it be legal or equitable, and thus obtain by answer, motion, or otherwise, all the relief in the original suits to which he would be entitled if he brought a separate action, it is no longer .either necessary, or allowable to bring an action, nor will an injunction be granted, merely for the purpose of restraining the proceedings in another action, both being in the same court (Harman v. Remsen, 23 How. Pr., 174; Minor v. Webb, 10 Abb. Pr., 284; Bowers v. Tallmadge, 16 How. Pr., 325; Arndt v. Williams, Id., 244; Hunt v. Farmers’ Loan & Trust Co., 8 Id., 416).
It is true that injunctions are sometimes allowed for the purpose of preventing a multiplicity of suits. But that is not this case. On the contrary, the very bringing of this action was a.multiplication of suits.
But even if the plaintiff were entitled to the relief he seeks in this suit, the fact that no bond was given or money deposited with the court, as required by the Revised Statutes (3 Rev. Stat., 5 ed., p. 270), is fatal to the order appealed from.
Those provisions of the Revised Statutes have not been abrogated or altered by the Code (Cook v. Dickerson, 2 Sandf., 691), and are, therefore, still in force, and a compliance therewith is necessary as a condition precedent to the issuing of an injunction staying proceed *229 ings in an action at law. The plaintiffs herein may perhaps be entitled to a stay of proceedings in the other action in which they are the defendants, or upon any judgment therein against them, until a decision be rendered by the court of appeals on the writ of error now pending in that court; but it would seem that this action cannot be sustained, and that, in any event, the order appealed from must be reversed.
Chables P. Daly, Ch. J., concurred.
Order reversed.