HENRY D. DONNELLY, as Sequestrator of the Property of WILLIAM WEST, Appellant, *v.* WILLIAM WEST AND EMMA L. SHAW, Respondents.

*Sequestrator appointed after judgment in an action for a limited divorce — power of, to sue to set aside a fraudulent conveyance.*

The complaint herein alleged that in an action for separation, brought by a wife against her husband, a judgment was entered in her favor, by which he was required to pay certain sums of money to her, and to give security therefor. That he had failed to comply therewith; that he had left the State to avoid

personal service of the summons, and had transferred his real and personal estate, without consideration, to his daughter, with intent to defeat the judgment to be entered in such action; and that the daughter received the same, with knowledge of such intent; that the plaintiff had been appointed, by the court, sequestrator or receiver of the personal property, and the rents and profits of the real estate; that he was unable to obtain any personal property, or to collect any of the rents or profits, by reason of such conveyance, and the refusal of the tenants to attorn to him, and that he was directed by the court to bring this action to set aside such conveyance as fraudulent and void as against the plaintiff in the first action.

*Held,* that a demurrer to the complaint, on the ground that the plaintiff had not legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action, should be overruled.

APPEAL from an order sustaining a demurrer to the complaint, and directing the dismissal thereof.

*E. H. Benn,* for the appellant.

*D. McLean Shaw,* for the respondent, Emma L. Shaw.

*J. B. Clark,* for the respondent, William West.

POTTER, J. :

This is an appeal from an order sustaining a demurrer to the complaint. The complaint sets forth that Emma E. West, wife of defendant William West, recovered a judgment in an action against him for a separation, and a sum of money, and requiring him to pay her said sum, and to give security therefor. That he had failed to perform or comply with said judgment; that in anticipation of said action he had departed from the State to avoid personal service of the process, and removed beyond the jurisdiction of this court ever since, and had conveyed and transferred to the defendant Emma L. Shaw (his daughter by a former wife), his real estate, of great value, and his personal property, without consideration, and with the intent of defeating any judgment that might be recovered in said action, and that said defendant, Emma, accepted such conveyance and transfer with knowledge of such intent, etc. That an order was made by the court, in said action, sequestrating the personal property, and the rents, issues and profits of the real estate, and appointing plaintiff the sequestrator, or receiver; that a writ of

sequestration was duly issued to the plaintiff, and that he failed to obtain any personal property, or to collect any rents or profits thereunder, by reason of said transfer and conveyance to said Emma, who received all the rents, etc., of the tenants, and the latter refused to pay or attorn to the plaintiff; that thereupon the court directed the plaintiff to bring this action to set aside said conveyance, and to have it adjudged fraudulent and void *as against the plaintiff in the first action.*

The defendants demurred to the complaint upon two grounds : First. The plaintiff has not the legal capacity to sue. Second. The complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer upon the first ground, and from that decision the plaintiff appeals.

Notwithstanding the decision was placed upon the first ground of the demurrer alone, the respondents were allowed (and, we think, properly, anomalous as it may seem,) to contend upon the appeal that the demurrer was sustainable upon either ground, though but one ground had been adjudicated by the court below.

Notwithstanding the able arguments and research of the counsel for respondents, and the views of the learned court below, we must hold that the demurrer should have been overruled.

The judgment for separation and for a sum of money to be paid and secured by defendant to the plaintiff, and in case of neglect to do so, the power and duty of the court to sequester the defendant's personal estate, and the rents and profits of his real estate, and to appoint a receiver thereof, are fully authorized and provided for by section 60 of the Revised Statutes (vol. 2, page 148 [Edm. ed., p. 154]).

It is, therefore, simply a question whether the mode of enforcing this judgment, resorted to in this case, is authorized. We think the action well brought in the name of the receiver or sequestrator. The plaintiff, though called a sequestrator in the complaint, is a receiver in law and in fact. His functions, powers and duties are substantially the same.

In the statute above referred to, it is provided that upon the defendant's neglect or refusal to give the security, the court may sequester his personal estate, and the rents and profits of his real

estate, and appoint a *receiver* thereof. The court, in this case, has sequestered the personal property and rents and profits, and appointed plaintiff sequestrator or receiver, with direction to take possession and collect and receive the rents and profits.

The plaintiff, in attempting to execute this mandate of the court, is met by the refusal of the defendant and her tenants to allow him to proceed in the execution of the order of the court, upon the grounds that she acquired the title to the real estate of the defendant, and the right to receive its rents and profits before the plaintiff was appointed receiver, and before the commence-.ment of the action in which he was appointed receiver. In the language of vice-chancellor Wigean, cited by appellant's counsel : " The court sees what is necessary to be done in order to try the question of right, and puts it in the way of trial. If the court could not thus assert its jurisdiction, a sequestration would be a mere form." The court will, at such juncture, exercise its discretion in regard to the mode of trying the question. In two classes of cases the court grants, ordinarily, to the persons for whose benefit the sequestration is directed an order to examine the adverse claimant *pro inter esse sua*, but in this class of cases, where the claim or right is based upon a conveyance or transfer, antecedent to the order of sequestration and the appointment of the receiver, the court usually directs the receiver to bring an action to try the right. (*Lord Pelham* v. *Duchess of Newcastle*, 3 Swans., 289 *n*; *Simmonds* v. *Lord Kinnaird*, 4 Vesey, 735; see, also, the opinion of Ch. J. Daly, and cases cited in *Foster* v. *Townshend*, reported at pages 32–34 of the second vol. Abbott's N. C.)

It was the common practice in chancery for the court to direct the action, to try the question, to be brought in the name of the plaintiff, or of the receiver, as called by the Revised Statutes (*supra*), or by the receiver or sequestrator, as the appointee is indifferently mentioned in the English chancery and ecclesiastical cases. The cases cited by the appellant fully sustain these views. (*Parker* v. *Browning*, 8 Paige, 391; *Green* v. *Bostwick*, 1 Sandf. Ch., 185; *Winfield* v. *Bacon*, 24 Barb., 154; 2 Barb. Ch. Pr., 381.)

But there are additional, if not absolutely controlling, reasons under the present system why the action, when brought to try the question, should be brought in the name of the receiver. The

statute of 1845 (ch. 112) expressly authorizes the receiver to bring actions in his own name. The plaintiff is moreover a trustee of an express trust. (*Porter* v. *Williams*, 5 Seld., 150.) And *as such trustee is required* by section 449 of the Code of Civil Procedure to bring all actions for the benefit of the *cestui que trust* in the name of the trustee.

But we think, without further discussion, the case of *Foster* v. *Townshend* (2 Abb. [N. C.], 29), and the notes entirely decisive of this case. That action, like this, was brought in the name of the receiver or sequestrator, and the facts set forth in the complaint were in all respects like the facts in this case, save one. In that case the right of the third person was subsequent and subordinate to the right of the receiver, and was never in fact opposed to the possession and proceedings of the receiver. Upon this ground, that there was no occasion to bring the action, the Court of Appeals reversed the decision of the court below. But the right of the receiver to bring the action, where the adverse right was obtained before the appointment of the receiver, and was set up to prevent the proceeding of the receiver in the execution of the mandate of the court was fully recognized, if not conceded. The case of *Foster* v. *Townshend* also presents a complete answer to the respondent's contention, that the complaint does not state facts sufficient to constitute a cause of action. As before stated, the facts of the two cases were alike, except in one particular, and that action failed solely for that difference.

We cannot discover any essential fact wanting in the complaint to constitute a good cause of action if true, and its truth is admitted by the demurrer.

The order sustaining the demurrer should be reversed, and judgment be given for the plaintiff, unless the defendant shall answer over, within twenty days after service of a copy of this order, and pay the costs of the trial of the demurrer and of this appeal.

BRADY, J. :

In this case I concur with justice POTTER, although I have some doubt whether it was not necessary to perfect the complaint to allege a demand of the rents from Emma Shaw, the alleged

grantee, as well as a demand from her tenants. Doubtless, taking the title and leasing the premises was a sufficient interference with the plaintiff to perfect the right of action, without any other circumstance. The right to bring the action, under the order of the court, cannot well be questioned, and this gave the plaintiff capacity to sue. The Court of Appeals, in *Foster* v. *Townshend*, referred to by justice POTTER, have substantially so declared, and on principle there is no reason to assail the correctness of such a rule.

Present — BRADY, P. J., and POTTER, J.

Order reversed and judgment given for plaintiff, unless defendant shall answer over within twenty days, and pay costs of the trial of the demurrer, and of this appeal.