## Case No. 9,971.

MUSCATINE v. MISSISSIPPI & M. R. CO. et al. MUSCATINE COUNTY v. SAME. LETZ et al. v. CLARK et al.

[1 Dill. 536.] [1]

Circuit Court, D. Iowa. 1870.

RAILROAD AID BONDS—DEFENCES—JUDGMENTS—INJUNCTION—TAXATION AND EXEMPTION.

1. Matters, such as fraud. which should have been pleaded as a defence. are not sufficient grounds after judgment. upon which to apply to equity to enjoin process to collect the judgment.

2. Fraud of the payee is no defence to negotiable bonds in the hands of innocent holders for value, before due.

3. Where, by reason of complainant's own carelessness (no fraud or malfeasance in this behalf being charged against the creditor), judgment in an action on coupons is, by clerical mistake, rendered for too large a sum, a proper remedy of the creditor is to apply to the court which rendered it to have it corrected, and where the alleged mistake was not plainly shown, and if it existed, could not have happened except for the debtors' laches. and no application had been made to correct the judgment, an injunction, to restrain process to enforce such judgment, was denied.

4. A creditor having an obligation of a principal debtor and of a surety, may pursue his remedy against both for the satisfaction of the debt; and if the creditor has reduced his claim

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

against the primary debtor to judgment, equity will not enjoin process to enforce the judgment at the instance of such debtor on the ground that the creditor is also pursuing the surety and has seized a fund, which is in litigation, belonging to the surety; but the creditor can have only one satisfaction.

5. Conceding a statute of a state exempting railroad companies from their due proportion of taxation to be unconstitutional, the omission, pursuant to such statute, to tax the property of railroad companies the same as that of individuals, does not render void a tax levied upon the property of others which is liable to taxation; and hence the owner of property properly assessed cannot, on the ground that other property subject to taxation is omitted to be assessed, enjoin the collection of, taxes against his own property.

6. Where a state constitution requires all general laws to be uniform in their operation; and all laws for the assessment and collection of taxes to be general and of uniform operation throughout the state, and that the property of all corporations shall be subject to taxation the same as that of individuals, quere whether it is competent for the legislature to tax railway corporations on their earnings, while the bulk of the other property in the state is taxed upon its value?

7. Gilman v. Sheboygan, 2 Black [67 U. S.] 510, commented on by Mr. Justice Miller, and the statute in question in that case distinguished.

[8. Cited in Furbush v. Collingwood, 13 R. I. 723, to the point that fraud. as a ground for enjoining or setting aside a judgment, is not mere falsity of claim or proof, but fraud outside of them, perpetrated by some artifice or contrivance of the party or person benefited. or by collusion, whereby in the course of the trial, or in entering judgment, the injured party or the court has been imposed upon or betrayed into inattention. and deceived.]

In the three causes above entitled [the city of Muscatine against the Mississippi & Missouri Railroad Company and others, County of Muscatine against same, and Letz and others against G. W. Clark, United States marshal, and others], application at chambers was made by the complainants to Mr. Justice MILLER, one of the judges of the circuit court of the United States for the district of Iowa, for writs of injunction to restrain further proceedings to collect taxes to pay certain judgments severally rendered against the city of Muscatine, against the county of Muscatine, and against the county of Louisa.

These judgments were rendered against the afore-mentioned public corporations by the United States circuit court for the district of Iowa, upon coupons attached to what are known as railroad bonds, that is, bonds issued by these corporations in payment for their subscription to the capital stock of certain railway companies.

At the May term, 1870, of the said circuit court, on a showing made to it, the court (Dillon, Circuit Judge, and Love, District Judge, being present), entered an order appointing the marshal to collect the taxes to pay certain judgments against various counties, and, among others, against the said county of Louisa, and that officer entered upon the execution of this duty in the county last named, and it was for this reason that the marshal was made a defendant in the bill

filed by Letz and other tax payers of that county.

The facts respecting the Mark Howard Case, mentioned in the opinion, are briefly these: The city and county of Muscatine severally issued their bonds in payment for their subscription to the stock of the M. & M. R. R. Co. (made a defendant in the bills of complaint), and by virtue thereof became stockholders in said railroad corporation. These bonds, the said railroad corporation guaranteed before they negotiated them, so that a holder thereof had the liability of the city and county as principal debtors, and the railroad company as guarantors. All of the property and franchises of this railroad corporation were subsequently sold on a decree foreclosing a mortgage thereon, and there was a surplus which would belong to the stockholders, and among other stockholders to the city and county of Muscatine; but before it came into their hands it was seized by proper process to answer these judgments against the city and county. That fund is still in the hands of the receiver, and the litigation in respect thereto is yet undetermined.

Concerning the constitutional question referred to in the opinion, it may be here mentioned that the constitution of Iowa contains the following provisions. Article 1, § 6: "All laws of a general nature shall have a uniform operation." Article 3, § 29: "The general assembly shall not pass local or special laws in the following cases: For the assessment and collection of taxes for state, county, or road purposes; * * * and all such laws shall be general, and of uniform operation throughout the state." Article 7, § 7: "Every law which imposes, continues, or revives a tax, shall distinctly state the tax and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object." Article 8, § 2: "The property of all corporations for pecuniary profit shall be subject to taxation, the same as that of individuals."

A statute of the state of Iowa, general in the sense that it applies to all railroad corporations, and not specially to any one of them, provides that they shall pay into the state treasury as taxes one per cent. each year of their gross receipts in lieu of all taxes. Acts 1862, p. 227; and see Acts 1870, p. 109.

The provision of the constitution of the state of Wisconsin referred to in the opinion, is in these words, article 8, § 1: "The rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe."

The opinion of Mr. Justice MILLER was pronounced orally, and, in substance, as below given.

D. C. Cloud. for the motion.
Grant & Smith, contra.

MILLER, Circuit Justice. These are applications to me as a judge of the supreme court and of the circuit court of the United States,

for the district of Iowa, for injunctions to restrain further proceedings in the collection of certain taxes which have been assessed against citizens of the counties mentioned and of the city of Muscatine. These taxes have been levied and are in process of collection in pursuance of writs of mandamus from the circuit court for the payment of numerous judgments against the city and the two counties aforesaid.

A bill of complaint in each case has been filed, and the answers, though not filed, are before me and sworn to, and are supported by affidavits. These will be sent to the clerk by me, to be filed with the bills of complaint.

The bills in the cases of the city and county of Muscatine seek relief upon substantially the same grounds, and will be considered together. These grounds are:

(1) That the bonds on which the judgments are founded, and for the payment of which the taxes are levied, were without consideration, and obtained by fraud. (2) That the judgments are for more than they ought to be. (3) That the judgment creditors have a decree for funds now in the hands of the receiver of the circuit court, on account of the same debt for which the taxes are levied.

In regard to the first ground of relief, it may very well be doubted whether the bill shows any fraud or failure of consideration which should be a defence to the bonds either in law or equity. When the allegations are examined closely they seem to amount to more than a failure of the railroad company to which the bonds were first issued, to comply with certain promises made at the time of the transaction.

If, however, they could be held sufficient as allegations of fraud or failure of consideration, there are two very sufficient answers to them in this application.

1. They are no defence to the bonds in the hands of innocent holders.

2. They were proper defences, if good at all, to the action in which the judgments were rendered, and cannot be set up against the enforcement of these judgments now.

3. The judgments as to which these injunctions are sought are numerous, and the plaintiffs in them are different persons in most of the cases. The bill alleges that in some of these judgments, without specifying which, the amounts are too large. That is shown by the absence of coupons from the clerk's office in which the judgments are found, and that a rate of interest too large was calculated in some cases. The judgments in which these supposed mistakes were made are not specified. Indeed the complainants say they have no means of determining in which of the judgments the mistakes were made, but they arrive at the conclusion that judgments on the whole have been rendered for more than the corporations were liable in these suits, by a conjectural calculation based on the coupons not sued on and the amount originally issued.

A court of chancery can hardly be expected to restrain the collection of the judgment of A B, because there is error in the judgment of C D, nor can the force of this proposition be avoided, by alleging that there is error in the judgment of A B or C D, and therefore both of them shall be enjoined. Besides, as the only error worth notice is one of clerical mistake, and one which never could have been made without gross carelessness on the part of the complainants in this suit, the only remedy is to apply to the court to correct the calculations. The absence of the coupons for which the judgment was rendered from the clerk's office cannot be assumed to imply that they were not present when the judgment was rendered, though it is certainly true that they should then have been cancelled and filed.

4. In regard to the funds in the hands of the receiver in the Mark Howard Case, it is certainly true that when paid to the judgment creditors it will operate as a discharge of so much of the judgments on which the tax proceedings are based as those creditors shall receive on account of these judgments. The fund is one which was designed to go to the county and city, as well as other stockholders in the railroad company. Before it came to their hands it was seized and held to answer these judgments against the city and county, and if appropriated to that purpose pays so much of that debt. But the judgment creditors have not received that fund as yet. It is still in litigation. They are pursuing their remedy against it, as also against the city and county at the same time. This they have an undoubted right to do, and especially against the latter, as they are the primary obligors. It is also provided in the decree that when the debt is paid the city and county shall be subrogated to all the rights of these judgment creditors in regard thereto.

The right of the creditor to pursue his remedy in each case until satisfaction of his debt, is clear upon all the authorities, and no harm can come to the present complainants from this course, as upon payment from either fund, whether complete or partial, on application to the circuit court the judgment creditors will be restrained from any further use of their judgments or decrees to the prejudice of these complainants. It is proper to add that the portion of this fund which any of these creditors may receive can in no case exceed one-sixth of the amount of the judgments which they are seeking to collect of the city and county.

In the case of the citizens of Louisa county the usual allegations of fraud in obtaining the bonds by the parties to whom they were originally issued, are made. This is concluded by the judgment on those bonds. It is further alleged that Fellows, the principal judgment creditor, bought his bonds after the courts of Iowa had judicially held them void. This defense cannot now be set up against the judgment. This allegation is expressly denied in the answer, and this is supported by the affidavit of a witness, who says he knows Fellows purchased before such a decision was made. It is further alleged that two railroad corporations have in Louisa county a large amount of valuable property amounting to one-fourth of the taxable property within the county, which is not assessed by the officers who are collecting this tax; although by law it is liable to its share of the tax.

As the tax complained of is being collected under the order of the federal court, and as the evident tendency of all that has been said by the supreme court in regard to these corporation debts, implies that no interference by state courts will be permitted in enforcing the tax, the statement here made presents a very grave question for the consideration of the court which is collecting the tax by its agents. I have had more difficulty on this point than on any which has been presented in these applications.

A statute of Iowa exempts railroad property from all other taxes except one per cent per annum paid into the state treasury. The constitution of the state declares that all taxation shall be uniform. Whether this constitutional provision (the exact terms of which I have not attempted to state) renders the statute void, is a question upon which the supreme court of this state has twice, as I am informed, been equally divided. If the question was presented to the circuit court by way of supervisory control over the officers, who, under its command, are collecting this tax, whether this railroad property should be assessed the same as other property, I confess I do not see how it could avoid deciding it. But, instead of an order to assess the property, I am asked to declare all other assessments void, because it is not assessed. This, it will be seen, is a very different question; and it is clear that I can only enjoin its collection on the ground that it is void. The case of Gilman v. Sheboygan, 2 Black [67 U. S.] 510, is relied on as authority for the latter proposition. In that case, after the city of Sheboygan had issued bonds in aid of a railroad, the legislature of that state passed an act, declaring that the tax to pay these bonds should be assessed exclusively on the real estate of the city. The constitution of Wisconsin has a provision similar to the one referred to in the constitution of Iowa, and the supreme court of the United States held that this attempt to make a part only of the taxable property of the city responsible for this particular debt, was a violation of the constitution which rendered the tax levied under that statute void.

In the case before us there is no attempt to render any species of property liable to taxation for any specific debt, or class of debts, but an exemption of the railroad from all other burdens, in consideration of a definite sum, which may be more or less than its share of such burden. Whether this exemption be forbidden by the constitution or not,

I am quite clear that it does not render void the tax which is levied upon other property.

The case of Gilman v. Sheboygan does not go so far as this, either in the facts on which it is grounded or the reasons by which the judgment was sustained. There is a manifest difference between an attempt to impose the entire burden of a debt already incurred by a municipality, upon a particular species of property, and the attempt to exempt a species of property from all other taxation, in consideration of a sum supposed to be its just share of the general public burden.

It is not inappropriate to look to the consequences of holding that this failure to assess the railroads renders all other tax void. It applies to the tax assessed for all other purposes as well as this tax. Every non-resident holder of property in the state could apply to me and insist on an injunction against the tax on his property. And if the state judges believe it to be void, they would be bound on the same principle to suspend the collection of all taxes throughout the entire state. A proposition which leads inevitably to such a result cannot be sound. I cannot therefore grant an injunction on this ground, whether the railroad property is liable to taxation or not. It is alleged that the officers are collecting the penalties for failure to pay the tax, according to this law as it stood before the act of last winter, which provides that only seven per cent should be collected in this class of cases.

Whether this is right or not, I do not pretend to decide. It is matter for application to the court for direction, and I am informed that the course pursued is one prescribed by the court at its last term. It is clearly no foundation for an injunction.

Injunction denied.

NOTE. After this decision, denying the injunction, upon assurances given to the circuit judge, by the county authorities, that if the marshal were withdrawn, they would proceed to collect taxes to pay the judgments, the execution of the order appointing the marshal was suspended, and the required taxes were collected by the county officers.

That the state courts cannot interfere with the federal courts in enforcing the collection of taxes to pay judgments against municipalities: Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166; Lansing v. County Treasurer [Case No. 16.-538].

That they will not attempt to do so: Ex parte Holman, 28 Iowa, 88.

As to uniformity of taxation and mode of taxing property of corporations under the Iowa constitution: City of Davenport v. Mississippi & M. R. Co., 16 Iowa, 348. Of express and telegraph companies: U. S. Exp. Co. v. Ellyson, 28 Iowa, 370; Id. 380.

Construction of the provision in the constitution of Wisconsin referred to in the foregoing opinion, see Milwaukee & M. R. Co. v. Supervisors of Waukesha Co., 3 Am. Law Reg. 679; Gilman v. Sheboygan, 2 Black [67 U. S.] 510; By the supreme court of Wisconsin, in Weeks v. Milwaukee, 10 Wis. 242; Lumsden v. Cross, Id. 282; State v. City of Portage, 12 Wis. 562; Bond v. Kenosha, 17 Wis. 284; Dean v. Gleason, 16 Wis. 16; Carter v. Dow, Id. 298; Fire Department of Milwaukee v. Helfenstein, Id. 136; Brightman v. Kirner, 22 Wis. 54.

Constitutionality of bonds issued by municipalities in aid of railways, and defences thereto: Gilchrist v. Little Rock [Case No. 5,421], and note; King v. Wilson [Id. 7,810].