The opinion of the court was delivered by
Spencer, J.
One of the questions most elaborately discussed in this case is dehors the record, to wit: That the tax on defendant’s income is unconstitutional, for the reason that the city had exempted $1000 of income in violation of article 118 of the Constitution. We do not find in defendant’s answer any allegation, nor in the record any proof of the fact that such an exemption was in reality made. True, there was a law of the State authorizing and directing such exemption, but non constat that the city did so, especially if the doing so would have been unconstitutional, as argued by defendant.
There is also assigned as error apparent on the face of the record, and by way of peremptory exception filed in this court, that the tax on *911 defendant’s income is in violation of the act of Congress and the public policy of the United States exempting legal tender, and national bank notes from State and municipal taxation. The argument is that the income is assessed at $8000, and that we must presume these dollars to have been “ legal tender” or “ national bank ” dollars, and, therefore, not taxable. There are, perhaps, many satisfactory answers which might be made to this proposition. It suffices to say that a court can not presume that one falls within an exception to a general rule.' It must be proved. As there is no proof on the subject, and as the general rule is that incomes are taxable, we must hold that defendant falls within the rule and not within the exception.
In all other respects this case presents the same legal and constitutional questions as were presented in that of the “ City of New Orleans vs. J. Davidson and J. D. Hill, et al.,” lately decided. We have been pressed in earnest and able arguments to reconsider the grounds of our decision in that case. The questions are grave, and not free from difficulty; but, after much reflection, we are unable to reach any different conclusion from that already announced.
The question is, does article 118 of the Constitution of this State forbid the Legislature’s exempting from taxation $500 worth of household furniture? and what effects are produced on the assessment in general by illegal exemptions or omissions ? Article 118 reads as follows:
“Taxation shall be equal and uniform throughout the State. All property shall be taxed in proportion to its value, to be ascertained as directed by law. The General Assembly shall have power to exempt from taxation property actually used for church, school, or charitable purposes,” etc.
The defendant resists the payment of the taxes claimed of him by the city for the year 1875, for the reasons:
1. That the effect of the exemption of $500 worth of household furniture is to destroy the “ equal and uniform” character of the tax.
2. That the Constitution requires “ all property ” to be taxed, and that it must be taxed “in proportion to its value.” •
3. That the only property susceptible of being exempted is that “actually used for church, school, or charitable purposes,” and that household furniture does not fall within these exceptions.
First. As regards the equality and uniformity of taxation: It is manifest that the exemption of $500 worth of household'furniture operates equally and uniformly, since all persons, including the defendant, enjoy its benefits. But it is said that under the operation of this rule a man possessing as his only property $500 of household furniture pays no tax at all; while his neighbor, possessing $1000 worth, *912 pays a tax on the excess over §500. That the per centum of tax increases, therefore, as the amount of assessable property •increases, and, therefore, the tax is not equal and uniform. This is undoubtedly mathematically true. The effect of every exemption, if we resort to abstract figuring, is, of course, to increase the per centum of tax on what is not exempted. But if we look at the question in the light of public policy, and of political economy, we can readily see that, perhaps, the exact sciences do not furnish absolutely the best rules for its solution. Judge Cooley, in his work on “Constitutional Limitations,” says: “As a matter of State policy it might, also, be deemed proper -to make general exemption of sufficient of the tools of trade, or other means of support, to enable the poor man, not yet a pauper, to escape becoming1 a public burden.” In other words, that by a judicious system of exemptions the per centum of taxation might, in fact, be reduced on the property subjected to taxation by preventing the public burdens from being increased. He says again: “ There is still ample room for apportionment after all such exemptions have been made. The constitutional requirement of equality and uniformity only extends to such objects of taxation as the Legislature shall determine to be properly, subject to the burden. The power to determine the persons and objects to be taxed is trusted exclusively to the legislative department,” etc. Burroughs, on Taxation, p. 62, says the rule of uniformity “ must extend to all property subject to taxation, so that all property may be taxed alike, equally, which is taxing by a uniform rule.” Again he says, p. 65: “ The provision of uniformity does not prevent the State from exempting from taxation objects of charity, etc.; and tools of mechanics to a limited extent.” Judge Cooley says taxes on incomes “ may be on all incomes, or on all with such exemption as will enable the taxpayer in a frugal manner to support himself and family.” Taxation, p. 20.
These views are in accord with those expressed by this court in “State vs. Poydras,” 9 A. 165, where it was said : “ To be uniform, taxation need not be universal.. Certain objects may be made its subjects, and others .may be exempted from its operation; certain occupations may be taxed and others not; but as between the subjects of taxation in the same class there must be equality.” See, also, 26 A. 493. When we turn to the legislation of the State we find it continually proceeding upon these as the recognized rules of taxation. We find it exempting always “ all lands, buildings, etc., and all other property belonging to the United States, to this State, or to any parish, city, or incorporated town in this State.” “Colleges, and the lots of land appurtenant thereto, and their apparatus, etc.” “ Capital stock of literary institutions, and library associations, and public lyceums.” “Cemeteries and graveyards,” whether public or private. “ Household goods, and mechanics’ *913 and laborers’ tools, to • the amount of $500,” and so on, in endless variety.
Second. But if defendant’s argument is good, all these' exemptions, except those for churches, schools, and charitable purposes, are unconstitutional, for he maintains that by the Constitution of 1868, “ All property” or none must be taxed; and he cites article 118, which, as seen, declares that “ all property shall be taxed in proportion to its value, to be ascertained as directed by law.” We do not construe that clause as does the defendant It simply means that the taxation of all property subject to tax shall be ad valorem. That specific taxes shall not be levied on property.
Third. We have seen that the uniform practice of the Legislature in this State has been to exempt many classes of property not embraced within the exception of “ church, school, and charitable purposes.” We have seen that that practice is sanctioned by the highest authority at home and abroad, as legitimate under similar constitutional provisions. We will only add that the question as to what property falls or shall be embraced within the class designated as for “ church, school, or charitable purposes” is, of necessity, largely one of legislative discretion, and that this court would with reluctance interpose its opinions to thwart this legislative discretion, unless there was a manifest and flagrant abuse of it. We are not prepared to say that in any of the exemptions complained of the Legislature has transcended its authority. On the contrary, we think it a wise and beneficent exercise of it to exempt enough of the indispensables of life to save the poor from pauperism, and thus protect property and society from increased burdens.
Holding, therefore, as we do, that none of the exemptions complained of transcend the legislative discretion, it is unnecessary to consider the defendant’s bills of exception to the refusal of the court below to allow him. to prove the aggregate amount of these exemptions.
Nor is it necessary, perhaps, to express any opinion as to the effect of unlawful exemptions or omissions upon the validity of the entire assessment. But it seems proper to say 'that in our opinion such exemptions or omissions, whether willful or not, can not have the effect of avoiding the entire assessment. To so hold would be to put it in the power of one man, or of a few men, by misconduct or ignorance, to stop the operations of the State Government itself. For if the principle contended for is correct, it does not admit of degrees, and hence the willful omission or exemption of property to the value of $10,000 from the rolls would as effectually invalidate the whole assessment as that of $1,000,-000. Besides, the weight of authority is greatly against the defendant’s views. See Cooley on Taxation, p. 155; People vs. McCreevy, 34 Cal. 432; 1 Dill. 536, 542; 17 Penn. 339; see, also, 26 A. p. 702.
*914 The only remaining question is that presented by defendant in his bill of exceptions to the rejection by the court a qua of the testimony of sundry witnesses to prove that his property was assessed too high, and that he had made a written demand on the administrator of assessments for its reduction. Defendant’s allegation is that “ one piece of his property had been assessed at $23,600, when it was not worth over $6000, and that he had in due season made a written demand for its reduction.” The defendant seems to have been in error in this, for the tax list sued on enumerates four pieces of property, the highest value of any one piece being only $8000, and their aggregate value only $14,800.
The plaintiff, however, objected to the testimony of the witnesses offered, as not being the best evidence, as irrelevant, etc., and the court sustained the objection. We think the court did not err, as the proper and best evidence would have been the written demand, which the law required as a prerequisite to be made, and which defendant alleged he had made.
The judgment appealed from is affirmed with costs.