M’Girk, C. J.,
delivered the opinion of the Court.
It appears by the hill, that Whitley recovered a judgment against Sumner for work and labor, &c., and that Sumner had a set off against him, but did not use it on that trial, hut commenced his action also against Whitley. That during the pendency of that suit, he, Sumner, apprehending Whitley would become insolvent, and that he would enforce his judgment, filed his bill in this case, praying for an injunction against Whitley’s judgment, and for general relief. The injunction was granted, and Sumner obtained a judgment against Whitley, and then, on the hearing of this case, one judgment was set ofF against the other, or, in other words, both were perpetually enjoined. But it appears, also, hy the decree made in this case, that the Court took evidence to show the grounds on which the juries, in the respective cases, proceeded in assessing their damages, and thus paired Sumner’s judgment down to the standard of the principle on which the jury found Whitley’s verdict, and decreed *508 a balance of $142 against Sumner; to reverse which, he appeals to this Court. We are of opinion, that the Court erred in going beyond the judgments. The law is, that the judgment at law is not to be overhauled in a Court of Chancery, unless there was some fraud or grievous hardship in the obtaining it, which could not be corrected in a Court of law. Here wo see no such hardship. If Sumner, in his suit, recovered too much, there should have been a new trial, and if this were refused, this Court would correct that matter by writ of error. But it is insisted, on the part of Whitley, that because, in this case, Sumner brought his bill, to have a discovery and a set off, that the fact of a judgment having been rendered afterwards, still entitles him to have the original demand of Sumner re-examined here. This doctrine, we think, is untenable; and it may further be observed, that the Court does not, in this case, undertake to re-examine the whole merits, so as to do justice between the parties, but only open the judgments and verdicts so far as to make both verdicts'stand on the same ground. This is error.
The decree is reversed; and this Court, proceeding to give such-decree as the Circuit Court ought to have given, do decree, that Sumner pay to Whitley the difference between his judgment and Whitley’s, with six per cent, interest, unless such difference has already been paid ; that the balance of said judgment stand perpetually enjoined, except the costs, and that, as to the costs respectively, each have his execution, and that Sumner recover his costs in this Court, and that Sumner pay the costs, accrued in this Chancery proceeding in the Court below.