## LABERGE v. CHAUVIN.

1. An assignee of a debt secured by a mortgage, may, by a bill in Chancery, compel the sale of the mortgaged premises for the payment of the debt, as the mortgage by the assignment of the debt, passes as an incident to it.  (Note a.)

2. An answer responsive to a bill is evidence till disapproved.

3. Under the 42d section of the act of 1825, regulating proceedings in Chancery, the facts on which a decree of the Circuit Court is founded, must appear in the record, else on an appeal to this Court the decree will be reversed, and the cause remanded.

### APPEAL from St. Louis Circuit Court.

WASH, J., delivered the opinion of the Court.

This is an appeal by Laberge from a decree in Chancery of the St. Louis Circuit Court.   The complainant's bill is founded on a bill dated May 13, 1824, executed by one Joseph Gravline and wife, of the one part, and the defendant Laberge, of the other part.   By this deed Gravline conveyed to Laberge a tract of land in St. Louis county, for the sum of $300, to be paid in the following instalments : one hundred dollars in two months from the date of the deed, and the remaining $200 in eight instalments of $25 each, payable every three months, beginning from the day of the payment of the first $100.   The deed contains a clause mortgaging the land to secure the payment of the purchase money.   On the 8th of June, 1824, Gravline made the following assignment of the debt due or to become due to him from Laberge.   "Personally appeared before me, a Justice of the Peace of the county of St. Louis, Jos. Gravline, who acknowledged to have this day assigned to Lafreinoir Chauvin, a sum of three hundred dollars due to him from Jos. Laberge, being the consideration money for the purchase of a certain tract of land of said Jos. Gravline and wife, transferred to said Jos. Laberge by deed bearing date the 13th day of May, 1824.   This assign-(180) ment being for value received, and subject to conditions, as to the terms of payment, as stipulated in the said deed of sale.   Dated this 8th day of June, 1824.

his

JOSEPH ⋈ GRAVLINE, [L. S.]

mark.

Signed and acknowledged before me, the day and year aforesaid :

J. V. GARNIER, J. P.

Of which assignment Laberge, the defendant, had notice immediately after it was executed.

The bill charges, that at the time of the assignment and notice, Laberge had not paid more than the first $100.   The answer avers the payment of $160 75, and in this, is responsive to the interrogatories of the bill.   The decree sets out, that the defendant had failed to prove, by competent evidence, the payment of more than $100, &c.   Some short time after Laberge had notice of the assignment by Gravline to Chauvin, he, Laberge, procured Gravline to enter an acknowledgment of satisfac-

tion on the margin of the record of the mortgage, and soon thereafter sold the land. Laberge insists in his answer, that he had a right to pay Gravline; that he did pay him the whole amount of the consideration money before the said acknowledgment of satisfaction by Gravline. The Court decreed against Laberge for the consideration money and interest, after deducting the $100 admitted by the bill to have been paid by Laberge to Gravline, before the assignment.

I shall notice only two of the errors assigned.

First. The want of Jurisdiction.

Second. In decreeing against the defendant's answer as to the $60 75 over the amount admitted by the bill to have been paid, &c.

The law seems well settled, that debts due, or to become due, as well as all possibilities or contingent interest, whether of real or personal property, are assignable in equity, and after notice of the assignment, the debtor will be bound to pay the money .&c., to the assignee, and not to the original creditor.  1 *Maddock's. Chancery*, 548-9, and authorities there cited.  The assignment of the debt is an equitable assignment of the mortgage, 2 *Bur.* 969 ;  9. *Ves.* 411 ;  1 *John. R.* 589.  There is, therefore, no want of jurisdiction.

On the second point, the law is, that the answer, when responsive to the bill, is. evidence, and must be taken as true until it be disproved.  The Circuit Court erred, therefore, in not deducting the amount alledged to have been paid before notice of the (181) assignment, and for this the decree should be reversed.

Now, on examination of the record, it will be seen that the evidence upon which the decree is founded has not been preserved in any of the modes prescribed in the 42d section of the act to regulate proceedings in Chancery.  *Geyer's Dig.*, p. 646, which was in force at the time of rendering this decree.  For this error, decrees have been repeatedly reversed by this Court, and for this the cause must be remanded.  A reversal on the second error noticed, would not make it necessary to remand.

The judgment and decree of the Circuit Court is reversed, with costs, and the cause remanded for a new trial.

(*a.*)  See Crinion *v.* Nelson, 7 Mo. R., p. 466.