## Case No. 4,918.

FOOTE v. SILSBY et al.

[1 Blatchf. 545;[1] 1 Fish. Pat. Rep. 357.]

Circuit Court, N. D. New York. June Term, 1850.

Samuel Blatchford, for defendants.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Samuel Stevens, for plaintiff.

NELSON, Circuit Justice. The case has heretofore been before me on a motion on the part of the defendants in the action at law for a new trial. The grounds on which a new trial was asked were, errors in law committed at the trial, surprise, and newly discovered evidence. On a full consideration of the case I came to the conclusion that no error was committed in point of law; and that, under all the circumstances presented upon the questions of surprise and newly discovered evidence, a case was not made out entitling the defendants to a new trial on those grounds.

In coming to that conclusion on the latter branch of the case I was somewhat influenced by the consideration, that the defendants would have an opportunity to present any new grounds of defence, whether omitted, or excluded on account of defective pleadings, in the case then pending in equity, either upon the hearing on pleadings and proofs, by a feigned issue, or by ordering a suit at law. This consideration afforded an answer to the equitable ground urged in favor of the new trial; as the defendants would have an opportunity to supply any omissions or oversights that occurred in the preparation of the suit at law for trial, or to produce any newly discovered evidence material to the issues, and at the same time the verdict, to which I thought the plaintiff entitled upon the case as presented, would be left undisturbed.

There can be no doubt that the newly discovered evidence, as now disclosed in the affidavits, and which is in addition to that shown on the motion for a new trial, may become very material on the question of the originality of the plaintiff's improvements; and that the defendants should have an opportunity to avail themselves of it in their defence to this suit in equity. It is claimed that this evidence will show that the application of the principle of the contraction and expansion of the metallic rod to the regulation of the heat of stoves, as used by the plaintiff, was not new, but on the contrary had been in successful use long before, both in England and in this country.

If the case stood now on the same footing as on the motion for a new trial on the ground of newly discovered evidence or of the exclusion of evidence from defect of pleadings, though I should still have clearly thought that the defendants ought to have an opportunity for a full defence in the equity case, before the granting of an injunction, yet I might have doubted as to the propriety of granting a feigned issue, or of ordering a trial at law; for, as the case then stood, upon all the evidence, whether received at the trial or furnished on the motion, it appeared that the plaintiff's improvement was the first that applied the principle above stated to the regulation of the heat of stoves. That being so, and no error in law having been committed at the trial, although the defendants were taken by surprise by the exclusion of their evidence, that evidence did not seem so material as to justify any interference with the verdict, especially as they would have an opportunity to produce it and discuss it more at large, if deemed material, in the equity case.

But the case now made is different. It is now denied that the improvement is original in the plaintiff, but on the contrary has been long known and in use; and a feigned issue is asked to try this question. I think it should be granted, and therefore direct a rule to be entered allowing a feigned issue to be made up between the parties to try the question of the originality of the plaintiff's improvement.

As to the other branch of this motion, namely, to amend the answer, I think the defendants have brought themselves within the usual practice of the court, and that the motion should be granted; but this must be on payment of the costs of opposing the motion.