NicholsoN, C. ^J.,
delivered tbe opinion of tbe court.
In August, 1864, Horace Foster sued H. Burem and others in tbe Circuit Court of Knox county, in trespass for personal injuries and for taking and appropriating personal property, laying his damages at $25,000.
The summons was executed on Burem on the 30th of January, 1865. He made no appearance at the February Term, 1865, and judgment by default was taken and a writ of inquiry awarded. A jury assessed the damages at $25,000 and judgment was 'rendered upon the verdict against Burem, Johnson and the other defendants. At the September Term, 1865, of the Supreme Court, this judgment was reversed as to all the defentants except Burem and Johnson. As to these two the judgment was affirmed.
On the 9th of February, 1865, Burem conveyed his land in trust to secure his creditors in debts amounting to about $2,700.
Foster filed his bill in August, 1865, to set aside the trust deed for fraud, or if it was not fraudulent, that it be foreclosed and the land sold, that he might reach the surplus after satisfying the debts secured. Burem was defendant to this bill, and answered, denying the allegations of fraud and admitting the recovery of the judgment but denying the justice of the judgment,' upon the ground that he made no defense, not knowing of the pendency of the suit until after judgment, and stating that if process *336 was served on him it was done when be was sick and unconscious of the fact of service.
This case was heard at the January Term, 1866,' when a decree was rendered, holding that complainant was entitled to have his judgment satisfied out of the surplus after paying the debts secured in the trust deed. The Clerk and Master was decreed to sell the land, but as no decree had been made to ascertain, by report of the master, the amount ' of the debts secured, an order to that effect was made returnable to the next term.
At the March Term, 1866, Burem presented his bill of review, and asked leave to file it for errors apparent on the record, and for new matter. He was not allowed to file it for new matter, and therefore he declined to file it, and brought the case by writ of error to this court.
At the September Term, 1866, of the Supreme Court they affirmed the action of the Chancellor in refusing to allow the bill of review to be filed, but reversing the decree as to the sale of the land, because the order of sale was made before the amounts of the debts had been ascertained.
When the cause was remanded to the Chancery Court, Burem filed his bill in the same court, setting out in detail all the proceedings in the suit at law of Foster against himself and others, and in the Chancery suit of Foster against Burem and others, and praying that the judgment rendered at law be perpetually enjoined and declared null and void, and asking that a new trial be granted at law.
*337 The grounds on which he prayed for a new trial were that no summons was ever served on him, or if it was, that it was served when he was so enfeebied by disease, both in body and mind, as to be incapable of comprehending the nature of the service and of giving to the suit any attention. He alleged that he knew nothing of the pendency of the suit until after the judgment was rendered; that he was not present personally or by counsel, and that the imbecility of his mind continued after the judgment, and hence that advantage was taken of his weakness and ineom-petency. He states that the judgment was wholly unjust; that he had no connection with nor knowledge of the trespasses and injuries for which the judgment was rendered, and that he was in no way responsible therefor.
This bill was answered by Foster, denying that Burem was physically or mentally incapable, as alleged, of comprehending the effect of the service of process, and insisting that he was of sound and disposing mind when the summons was served, and when the judgment was rendered. He also denied that the judgment was unjust, and insisted that Burem was legally responsible for the trespasses and injuries complained of.
Evidence was taken on both sides on the issue made up, and at the January Term, 1869, this cause being consolidated with the case of Foster .against Burem and others, the two were heard together, when the Chancellor, being of opinion that Burem was not entitled to the relief prayed for, dismissed his bill, *338 and in the case of Foster ' against Burem, proceeded to enforce the judgment of Foster against Burem by ordering a sale of the land.
Burem brings the cases to this court by writ of error.
It is insisted for Foster that Burem is estopped from attacking the judgment by default rendered in February, 1865, because he prosecuted a writ of error from sáid judgment to the Supreme Court, where the judgment below was affirmed, and because, in answer to Foster’s bill to foreclose the deed of trust, Burem admitted the existence of the judgment, which judgment was recognized as valid by the Supreme Court, when the decree of the Chancellor was reversed, so far as the order as to a sale of the land was concerned. If Foster had demurred to Burem’s bill, and set out these causes of demurrer, the Chancellor would have been compelled to sustain the demurrer: Seay v. Hughes, 5 Sneed, 155; Powell v. Cyfers, 1 Heis., 526; Palmer v. Malone, 1 Heis., 549. All the facts now relied on to sustain the estoppel are set out in detail in the bill. But defendant elected to answer and to make up an issue upon the merits of the case.
The filing of the answer was a waiver of objection to the jurisdiction of the court, and the court is forbidden in such case to dismiss the bill, but is ordered to hear and determine it on its merits, although the court may be of opinion that the matters complained of are of legal cognizance: Code, s. 4321. Such we regard the present case, and we are *339 therefore required' by the statute to determine it on its merits.
1. The first question is, does the evidence show that complainant has merits? He was sued for trespasses to the person and property of defendant, or for aiding, inciting or counselling such trespasses and injuries. The evidence in the record tends strongly to show that complainant was entirely ignorant of the injuries inflicted on defendant until after their occurrence and that he was in no way responsible for them. Upon the facts as they are presented in the record, we are unable to see any ground on which a judgment for any amount, much less a judgment for $25,000, could be rested.
2. Was the complainant so debilitated in body and mind by disease as to be incapable of comprehending the effect of the service of the summons, or of remembering it, or of giving the necessary attention to the case? On this question .there is much conflicting testimony. We deem it unnecessary to analyze and weigh the evidence, but only to state our conclusions. We think the preponderance of the evidence is, that the summons was served on complainant, but at a time when he was so sick and his mind so enfeebled that if he was conscious of it at all, the service made no impression on his mind and passed out of it, and that in fact he had no knowledge of the institution of the suit until after the judgment was taken and the court adjourned. We think the evidence furnishes stronger grounds for relief than existed in the case of Rice v. Railroad Bank, 7 Hum., *340 39, in which Judge Green, commenting on the evidence, said: “ Because the question of fact does not relate to the merits of the controversy, but only to the power of a Court of Chancery to take jurisdic-. tion of the case, and the same certainty of proof is not required to establish an excuse for not making the defense at law, that would be demanded to establish the existence of that defense,” he was the more inclined to grant the relief.
We are therefore of opinion that complainant is entitled to the relief prayed for. The decree below is reversed with costs, and a new trial at law is awarded.
The case of Foster v. Burem and others is reversed and the bill dismissed. The costs of this court and the court below in both the cases will be paid by Foster.