JOHN HIGGINS

*v.*

W. M. BULLOCK.

73    205
45a   204
73    205
58a   126

1. ADMISSION—*by motion to dissolve injunction.* A motion to dissolve an injunction and dismiss the bill admits the averments of the bill to be true.

2. INJUNCTION—*collection of judgment.* Although a judgment at law may be unjust, yet, where a legal defense existed, and the defendant had an opportunity to make the same in the action at law, and by his own neglect failed to do so, he can obtain no relief in equity.

3. A court of chancery has the undoubted power to afford relief in a proper case against a judgment at law, but it must appear that the party complaining has been guilty of no negligence or *laches*, and has been prevented from interposing a defense through accident, fraud or mistake, without fault or blame on his part.

4. Where a party, when served with summons, failed to make any defense, upon the promise of the sheriff not to return the same as served until he

ascertained if it was not intended for a person of the same name, and then, if it was not so intended, to notify such party before returning the same as served on him, which he did not do, this was held no sufficient excuse for the party neglecting to interpose his defense.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. CLARK & ELWOOD, and Messrs. BELL & GREEN, for the appellant.

Messrs. BRIGGS & MEEK, Messrs. BANGS & SHAW, and Mr. ROBERT B. EDWARDS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, brought by appellant against appellee, to enjoin the collection of a judgment recovered in the circuit court of Woodford county, at the August term, 1870, in favor of appellee, against appellant and Elisha Wright.

At the August term, 1874, of the circuit court of Woodford county, on motion of appellee, the injunction was dissolved and the bill dismissed, and the damages of appellee were assessed by the court at the sum of $50.

The dissolving the injunction, dismissing the bill and assessment of damages are assigned for error.

On the motion to dissolve the injunction, the averments of the bill are to be taken as true. The question then arises, conceding the facts averred in the bill to be true, are they sufficient to authorize a court of equity to grant the relief claimed?

In deciding this question, it will not be necessary to consider all the allegations of the bill. Although the judgment may be unjust, and appellant may have had a complete defense to the note upon which it was rendered, yet, if he had an opportunity to make his defense in the action at law, and, by his own neglect, failed to appear on the return day of the summons, and interpose a defense, he can not be permitted to go into a court of equity and make that defense availing.

There is no pretense that the summons was not properly issued and placed in the hands of the sheriff of Wabash county, where appellant resided, for service upon him. But the substance of the averments is, that appellant was misled by the sheriff.

The allegation in the bill is as follows: "That the summons in said suit was sent by appellee, or his attorneys, to the sheriff of Wabash county, at that time one Isaac Ogden, to be served on appellant, or on some man in the county of appellant of the name of John Higgins, and appellant alleges that there were at least two men, residents of said county at that time, of that name; that the said Ogden called on appellant and inquired of him whether or not he was the John Higgins who was sued in Woodford county jointly with one Elisha Wright, or whether it was another John Higgins who lived in Wabash county, or the John Higgins who lived in the adjoining county of Richland; that appellant examined the summons, and, finding the name of Elisha Wright associated, and knowing that he had no acquaintance with any man of that name, and that he never, at any time, with such a man, had joint dealings with appellee or any one else, whereby he had jointly contracted with said Elisha Wright to pay the appellee or any one else any sum of money that could have gone into the hands of appellee, appellant very naturally concluded that he was not the John Higgins named in said summons, and so told the said Ogden; and the said Ogden professed to have come to a like conclusion, and so expressed himself to appellant; and appellant alleges that, at the time he and the said Ogden parted, the said Ogden informed appellant that he would call on the other John Higgins, resident of Wabash county, and if he should know nothing touching the subject matter of said suit, he would notify appellant before making a return of said summons; and that the said Ogden did not notify appellant that he had returned said summons as served on appellant, or that he intended to return the same as served."

It is alleged in the bill that the summons was read to appel-

lant, and it is not claimed that he did not fully comprehend and understand it.

The law required the sheriff, after he had read the summons to appellant, to indorse his return upon it, showing the time and manner he had served it, and return it to the clerk of the court who issued it. Appellant must be presumed to know the duty the law cast upon the sheriff, and he had no right to think or believe the sheriff would do otherwise than discharge his duty as the law required. If, however, he saw proper to rely upon the sheriff to hunt up another John Higgins upon whom to serve the writ, or to give him notice of the fact that he had returned the summons served, and the sheriff has deceived him in this regard. that is a matter entirely between appellant and the sheriff, and can not affect the validity of the judgment; neither would it relieve appellant from the duty to appear and interpose his defense to the action at law.

.. When appellee had caused to be issued a summons in due form of law, and had it served upon appellant by the proper officer, and in the mode prescribed by the statute, he had performed his whole duty, and if appellant failed to appear and interpose his defense, but placed reliance on statements of the sheriff, he did this at his peril.

A court of chancery has the undoubted power to afford relief in a proper case, against a judgment at law, but it must appear that the party complaining has been guilty of no negligence or laches, and that he has been prevented from interposing a defense through accident, fraud or mistake, without fault or blame on his part.

The rule is stated in Story's Equity Jurisprudence, vol. 2, sec. 887, as follows : "In regard to injunctions, after a judgment at law, it may be stated, as a general principle, that any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will

authorize a court of equity to interfere." See, also, *Owens* v. *Ranstead*, 22 Ill. 161.

Under the rule thus announced, appellant was not entitled to relief. His failure to defend in the action at law grew out of his own negligence.

Upon dissolving the injunction, the court assessed the damages at the sum of $50. This, the statute did not authorize. The judgment enjoined was rendered for the sum of $295. The statute declares: " If the injunction be dissolved, in whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding 10 per cent on such part as may be released from the injunction." See R. S. of 1874, page 579, sec. 8; *Roberts* v. *Fahs*, 36 Ill. 268.

The judgment enjoined being a money judgment, the damages could not exceed 10 per cent on the amount of the judgment.

For this error, the judgment will be reversed and the cause remanded.

*Judgment reversed.*