## STEWART et al vs. PACE & LAVENDER.

INJUNCTION: *Of a writ of possession under a void judgment in ejectment.*

> A judgment in ejectment against one employed merely as a Clerk in the store of the tenant in possession of land, is void, and a Court of Equity will interpose in behalf of the tenant and enjoin the execution of a writ of possession issued under the judgment.

APPEAL from *Arkansas* Circuit Court in Chancery.

*Rose,* for appellants.

The injunction was simply to prevent a trespass, and would not lie.

*S. R. Cockrell,* in support of grounds of injunction, cited *Howard* v. *Kennedy,* 4 Ala., 595; *Jones* v. *Chills,* 2 Sand., 34; *Chills* v. *Stephenson,* 1 Marsh, 333; *Kercheval* v. *Ambler,* 7 J. J. Marsh, 626.

An employee is not an occupant. *Chiniquy* v. *Catholic Bishop,* 41 Ill., 148; *Hawkins* v. *Reichart,* 28 Cal., 534. This is like enforcing judgment without notice, and subject of injunction. *Ridgeway* v. *Bank of Tenn.,* 11 Humph. (Tenn.), 523, and authorities; High on Inj., 126 and 152; *Goodenough* v. *Sheppard,* 28 Ill., 81; *Comm'r.* v. *Durham,* 43 Ill., 92.

ENGLISH, CH. J.:

The material facts of this case, as disclosed by the pleadings and evidence, are:

That on the 28th December 1872, Lavender, as administrator of DuBose, under an order of the Probate Court of Arkansas county, leased to James T. Pace, for the year 1873, the DuBose plantation, embracing the north half of the northeast quarter and the south half of the southeast quarter of section 16, township 6 south, range 6 west. By the terms of the lease, Pace was to have sufficient time after the 1st of January, 1874, to gather his crops. Pace cultivated the lands in cotton, etc. He and Lavender were partners in the mercantile business, and had a stock of

goods in a house on the land. A man by the name of McKinzie was employed by Pace to manage the planting business, and C. F. Overby was employed by Pace & Lavender as a clerk in the store. He had nothing to do with the planting; that was in charge of McKinzie. Neither Pace nor Lavender resided on the place.

After Pace took possession of the lands under the lease, George W. Stewart, administrator of W. D. Patterson, deceased, brought ejectment for the lands against C. F. Overby, in the Circuit Court of Arkansas county; he was served with process, but failed to make defense, and on the 25th of October, 1873, judgment was rendered against him by default, in favor of the plaintiff in the action, for possession of the lands. On 13th December, 1873, a writ was issued upon the judgment, commanding the sheriff to put the plaintiff in possession of the lands, without delay, etc., and Pace filed the bill in this case for injunction against the sheriff, Wiley and Stewart. Lavender was also made a defendant to the bill, but by subsequent amendment joined with Pace as co-plaintiff.

Pace alleged in the bill, in addition to facts above stated, that a large amount of his cotton crop made upon the lands was ungathered, that he had about ten thousand dollars' worth of merchandise in the store, and thirty-one head of horses and mules, and about twelve thousand bushels of corn on the premises; that the sheriff was about to eject him from the premises, put the merchandise out of doors, etc., and that he would lose irrecoverably all the cotton remaining ungathered upon the lands, etc.

The court on the filing of the bill granted a temporary injunction, and on the final hearing, made it perpetual, and Stewart appealed.

Stewart in his answer, and by oral testimony at the hearing, alleged, and attempted to prove, that Patterson, his intestate,

owned the lands, and that he, as his administrator, was entitled to possession of them; while Lavender made a like claim for his intestate, and himself as administrator.

Which of the intestates had the better title to the lands, it would be difficult to determine from the transcript before us, but that question is not to be decided on this appeal.

The counsel for appellant submits that there is very little reason to think that the Sheriff would have used his writ on any one not named in it, but if he had done so, he would have been liable on his bond, and that the bill shows no valid grounds of equity jurisdiction.

The bill alleges that the Sheriff was about to turn Pace out of possession of the premises under the writ against Overby, and this is not only not denied by the answer, but Stewart insisted most vehemently that he had the right to have Pace put out, and possession delivered to him under the writ.

The action of ejectment may be brought against the person in possession of the premises claimed, or his lessor, or both. Gantt's Dig., sec. 2251.

The person from or through whom the defendant claims title to the premises may, on his motion, be made a co-defendant. Ib., sec. 2251.

Overby was the mere employee of Lavender & Pace in the store. He was not in possession of the lands as the tenant of Lavender or as sub-tenant of Pace. If Overby had defended the action of ejectment, and shown that he was merely a Clerk in the store, employed to sell goods, keep the books, etc., no judgment could have been rendered against him for possession of the lands, and costs, as was done on his default.

Nor did the judgment against him bar or preclude the title of Lavender, or the right of possession of Pace as his tenant,

neither of them having been made a party to the action. *How-ard* v. *Kennedy, ex.*, 4 Ala., 595; *Chiniquy* v. *Catholic Bishop*, 41 Ill., 148; *Hawkins* v. *Reichart*, 28 California, 536.

A suit against the Sheriff might have been a very inadequate remedy for Pace for the inconvenience of being turned out of possession of the land before the expiratton of his lease, and the loss of his ungathered cotton.

We think the appellees made a case for the interposition of the Court of Chancery by injunction. *Ridge* v. *Bank of Tennessee*, 11 Humph. (Tenn.), 523; *Goodnough, et al.* v. *Sheppard*, 28 Ill., 81.

Decree affirmed.