DOBBS *et al., Appellants,* v. THE ST. JOSEPH FIRE & MARINE INSURANCE COMPANY.

**Enjoining Judgment for Fraud of Complainant's Attorney.** A judgment will not be set aside or enjoined at the instance of the losing party, on the ground that he had intended to appeal from it, but was prevented from perfecting his appeal through the fraudulent conduct of his own attorney, unless it distinctly appears that the complainant was damnified by the failure to perfect the appeal.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

This was a suit to enjoin and set aside a judgment and to grant a new trial. The plaintiffs, Dobbs, Stotts and Muse, as sureties for one Harlan, executed a note to the St. Joseph Fire & Marine Insurance Company, on which the company subsequently sued. The sureties defended, alleging that the company, without their knowledge or consent, for a valuable consideration had granted an extension of time to the principal. Upon a trial on the merits, the jury, under instruction from the court, found in favor of the company, and the court gave judgment accordingly. A motion for a new trial having been overruled, the sureties filed their affidavit and bond for appeal. The bond was approved and the appeal was allowed, but the necessary bill of exceptions was not filed in proper time, and the company refused to consent that it should be filed out of time. Thereupon the sureties brought this suit alleging the foregoing facts and further averring that the failure to file said bill was willful and fraudulent on the part of the attorney who had charge of the case for them, and was for the purpose of giving the company an unconscionable advantage of the sureties, the present plaintiffs, and of depriving them of the benefit of their intended appeal; that the said judgment was unconscionable and

without warrant of law; that said attorney had become a non-resident and was then insolvent, and that plaintiffs were wholly remediless without the interposition of a court of equity. There was no allegation that the company was a party to or cognizant of the alleged fraudulent purpose of the attorney; neither was it alleged that the fatal instruction was erroneous, or that exception was taken to it in proper time. The court dismissed the suit upon the ground that the petition did not state facts sufficient to warrant the intervention of a court of equity. Hence this appeal.

*Heren & Son* and *Reed & Williams* for appellants, argued that the petition presented a case of fraud and gross abuse of power on the part of the attorney, entitling plaintiffs to relief, citing *Meacham v. Dudley*, 6 Wend. 515, and distinguishing *Gehrke v. Jod*, 59 Mo. 522.

*H. E. Barnard* for respondent, cited *Shelbina Hotel Association v. Parker*, 58 Mo. 327; *Primm v. Raboteau*, 56 Mo. 407; *Crim v. Handley*, 94 U. S. 652; *Matthis v. Town of Cameron*, 62 Mo. 504; *Gehrke v. Jod*, 59 Mo. 522; *Holden v. Vaughan*, 64 Mo. 588; *Duncan v. Lyon*, 3 John. Ch. 351; *Ritter v. Democratic Press Co.*, 68 Mo. 458; *Ellis v. Andrews*, 25 Mo. 327; *Tilton v. Cofield*, 93 U. S. 163, 167.

*B. R. Vineyard* also for respondent.

The bill does not aver that at the trial of the suit on the note any exceptions were taken to anything the court did in the trial of that cause. There is no averment that there was any objection raised or exception taken to the introduction of testimony, or to the giving or refusing of instructions, or to the overruling of the motion for a new trial, or to the action of the court in any particular whatever at that trial. How could the attorney have prepared a bill of exceptions without some exception to put in it?

And yet the only complaint raised here is, that no bill of exceptions was filed.

SHERWOOD, C. J.—The reasons are not a few why the judgment should be affirmed. The matters in controversy were fully investigated in a court of law, a court of competent jurisdiction, the defendants being fully apprised of their rights, and no unfairness characterizing the transaction. The fact that injustice results from the judgment, is by no means sufficient to invoke equitable interposition. Where a matter has been fully discussed elsewhere, equity no more interferes with the judgment of a court of law, than a court of law would interfere with the decree of a court of equity. Fraud, however, practiced in the very act of obtaining the judgment will warrant equity in interposing. *Bateman v. Willoe*, 1 Sch. & Lef. 201; *Simpson v. Hart*, 1 Johns. Ch. 97; 2 Story Eq. Jur., § 1575; *Matson v. Field*, 10 Mo. 100; *Miller v. Bernecker* 46 Mo. 196. There is no pretense of fraud set forth in the petition, in the obtaining the judgment, but we are asked to set aside and to enjoin a judgment rendered, it must be presumed, upon full consideration, because of certain occurrences after the motion for a new trial was determined adversely to the then defendants in the action. It would be in the face of all authority for a court of equity to interpose in such circumstances; and the case last cited fully illustrates this. There a motion was made to set aside a sale made in a partition proceeding; a motion which unquestionably should have been granted, but it was denied, and on appeal taken to this court, the judgment was affirmed for failure of the attorney employed to assign errors; and yet it was held that the case having been disposed of by a court of competent jurisdiction, equity was precluded from lending its aid. So, also, it has been ruled that neither in a court of law nor in a court of equity, will a party be allowed " to re-agitate questions which either were, or else would have been, adjudicated at the former trial, but for

his inexcusable neglect." *Shelbina Hotel Association v. Parker*, 58 Mo. 327, and cases cited.

Here, as the petition shows, the answer filed by the present plaintiffs contained the very grounds of defense to the former action whereon they rely for relief in this instance, and that this defense was fully passed upon and adjudicated at the trial then had. It is not pretended that any new evidence has been discovered which would have any tendency to alter the result previously arrived at by the jury under the instruction of the court, nor that the instruction was erroneous, nor that it was excepted to. The plain purpose of the petition, therefore, is to obtain another opportunity to see if they cannot, before a different jury, and upon the same facts, achieve success where they failed before. To admit the correctness of such a principle, and to give it practical operation by affording it our sanction, would be to overthrow the very fundamentals of jurisprudence and to make litigation interminable. In this view of the case it is altogether unnecessary to determine whether we would interfere in a case where the fraudulent conduct of a party's own insolvent counsel has damnified him, since, in the case at bar, it does not appear that the alleged fraudulent conduct of the attorney has worked plaintiffs any hurt. We, therefore, affirm the judgment. All concur.