## ALBRIGHT and others v. OYSTER and others.[1]

*(Circuit Court, E. D. Missouri.  January 21, 1884.)*

EQUITY—RESULTING TRUSTS—PARTIES.

A., B., C., and D. had an interest in certain lands.  D. died, and E. qualified as his executrix, and in that capacity agreed with A., B., and C. that the land should be divided, and C.'s share conveyed to X. in trust for C.'s children.  The division was made, and C.'s share was conveyed to X. under an oral agreement that he would hold it in trust for said children; but the deed was absolute on its face, and recited a consideration, though none was paid by X.  X. afterwards, without consideration, made an absolute conveyance of said property to A.  A. then brought suit in ejectment against C., who held possession of said property for his children, and recovered judgment.  In a suit brought by C. and several of his children, in equity, to have said judgment at law restrained, and for other relief, *held:*

(1) That said conveyance to X., under said oral agreement, had caused a resulting trust to arise in favor of C.'s children, and that X. held subject thereto.

(2) That A. received the legal title to said property from X., subject to said trust.

(3) That E., as executrix of D., and B. were both proper parties.

In Equity.  Demurrers and plea to the bill, and exceptions to answer.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

The facts stated in the bill are, in substance, as follows:

Abraham Oyster died in 1882, testate and seized of certain lands situated in Missouri. He left four children, Margaret, George, David K., and Simon Oyster. Simon died, however, before his father's property was distributed. He left a will, of which he appointed his wife, Margaretta, executrix. After his death his wife, as his executrix, agreed with the three surviving children of Abraham Oyster to make a different division of Abraham Oyster's lands from the one provided for in his will. It was agreed between them that said lands should be sold by D. K. Oyster, who was his father's administrator, at public sale, and that certain specified tracts, and such other tracts as it seemed advisable to keep, should be bid in by the parties to the agreement, and that the lands so bid in should be appraised and divided between them without any payment of the amounts bid. The plan was carried out, and the lands in controversy fell to D. K. Oyster, but, pursuant to said agreement, were conveyed by him, as his father's administrator, to Simon K. Oyster, by a deed, absolute on its face, and which recited a consideration. No consideration was paid by said Simon K., however, and the conveyance was made under an oral agreement on his part to hold the property in trust for D. K. Oyster's children. Simon K. subsequently became very sick, and, while he was expecting to die, George Oyster persuaded him that it might create trouble if he died with said trust estate in his possession, and that he had better deed the land to him. And Simon K. accordingly executed a deed, reciting a consideration, and absolute on its face, conveying said lands to George Oyster. No consideration was in fact paid. Ever since the property in question was bought in and conveyed to Simon K. Oyster in the manner described, David K. has held possession of it for his children, who are minors. After getting the legal title into his hands, George Oyster brought suit in ejectment against David K. to get possession of said property, with intent to defraud said children out of it, and asked, also, for rents and profits. David K., having no legal defense, entered into a stipulation with George to let judgment go in consideration of an agreement on George's part that no execution should issue until May, 1884, in order that complainants might have time to file their bill here, and judgment went accordingly.

The prayer is that George Oyster be restrained from issuing an execution on the judgment in the ejectment suit, and from commencing or prosecuting any other proceeding at law against the complainants for recovering possession of said lands; for a decree to convey to Mollie N. Albright, William E. Oyster, and Iola E. Oyster, (children of David K. Oyster,) all the right, title, and interest in said lands which said George Oyster acquired from Simon K. Oyster, and for a discovery.

Margaretta Oyster, executrix of Simon, and Margaret Oyster, who are joined as parties defendant, demurred to the bill on the ground that it does not show that they have any interest, or claim any interest, in the lands mentioned in the bill, or have ever denied complainants' right to the relief demanded, and also because the bill does not state any case entitling complainants to any discovery or relief against her.

Simon K. Oyster filed a plea raising the question of whether or not the Missouri statute of frauds should be held to operate to prevent the granting of the relief asked in the bill. The section relied on is that "all declarations or creations of trust or confidence, of any lands,

tenements, or hereditaments, shall be manifested and proved by some writing signed by the party who is or shall be by law enabled to declare such trusts, or by his last will in writing, or else they shall be void." That section is followed by another, however, (section 2512, Rev. St.,) providing that "resulting trusts shall be of like force as the same would have been if the act had not been made."

George Oyster filed an answer in which he set up the statute of frauds, and alleged, among other things, that David K. Oyster, as administrator of his father, was indebted, upon the basis of the contract upon which the division of Abraham's real estate was made, in the sum of $4,975 to him, and in the sum of $5,230 to Margaretta Oyster, at the time he made the deed to Simon K. Oyster, and still remains indebted to them for said sums, with interest, although payment had been frequently requested; and that the sureties on the bond given by David K., as administrator, as well as David K. himself, are insolvent, so that the only resource left his said creditors to get payment of what remains unpaid of the legacies is the lands in dispute, or the lien thereon for the unpaid purchase money.

The complainants excepted both to that part of the answer setting up the statute of frauds and the parts setting up the indebtedness of David K., as administrator, and his insolvency and the insolvency of his sureties.

*George H. Shields* and *James Carr*, for complainants.

*Dryden & Dryden*, for defendants.

TREAT, J. The demurrers to the bill are overruled. The demurrants are *proper*, and in certain aspects of the case may be *necessary* parties. Under the theory of the bill there was ample consideration for the conveyance to Simon K. Oyster, in trust, moving from David for his children. The averments are to the effect that the consideration named in the deed to Simon K. was merely for the purpose of equalizing the distribution of the estate, as had been agreed upon. If those averments are true, then Simon K. took the title clothed with the trust for David's children. It is admitted that George occupies no better position than Simon K., his grantor. Therefore the exceptions to the plea are sustained; also, for the same reasons, the first exception to the answer, to-wit, so much as sets up the statute of frauds. The other exception to the answer is overruled, for, if defendant's theory be correct, the matters involved in the second exception may become material.

---

CONTROL OF COURTS OF EQUITY OVER JUDGMENTS AT LAW—GENERAL PRINCIPLES. The leading American case on this subject is *Marine Ins. Co. of Alexandria* v. *Hodgson*,[1] in which the opinion of the court was delivered by Chief Justice MARSHALL. The statement made by him in that case, of the rules governing the action of courts of equity where relief is asked against judgments at law, is as follows: "Without attempting to draw any precise

·7 Cranch, 332.

line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery. On the other hand, it may, with equal safety, be laid down as a general rule that a defense cannot be set up in equity which has been fully and fairly tried at law, although it may be the opinion of that court that the defense ought to have been sustained at law."

In addition to the grounds for relief referred to by Chief Justice MARSHALL mistake and surprise may be mentioned.

DEFENSES AVAILABLE AT LAW. "Where," as Chancellor KENT said in deciding the case of *Simpson* v. *Hart*,[1] "courts of law and equity have concurrent jurisdiction over a question, and it receives a decision at law, equity can no more re-examine it than the court of law in a similar case could re-examine a decree of a court of equity." When a defense is once fairly passed upon, the decision is final, no matter how inequitable it may appear.[2] And where a defense sought to be set up in equity, as a ground for relief against a judgment at law, might have been set up at law, but was not because of a lack of diligence on the complainant's part, equity will not interfere. The rule is inflexible.[3] So, even where a judgment has been obtained by fraud, accident, or mistake, if there is any adequate remedy at law, as by motion for a new trial, or appeal, equity requires the injured party to avail himself of that remedy, and if he fails to do so without good excuse, will grant no relief.[4] The fact that a defense is equitable is no excuse for not setting it up at law, if available at law under the Code practice.[5] Ignorance of a defense constitutes no ground for the interference of equity if there was negligence in remaining ignorant. Defendants are bound to use diligence in preparing themselves for trial. If they do not, they are left to bear the consequences.[6] Thus, if a defendant cannot appear and make his defense in person, it is his duty to employ an

[1] 1 Johns. Ch. 97.

[2] Bateman v. Willoe, 1 Sch. & Lef. (Eng.) 204; Emerson v. Udall, 13 Vt. 477; Agard v. Valencia, 39 Cal. 292; Duncan v. Lyons, 3 Johns. Ch. 356; Ry. Co. v. Neal, 1 Wood, 353; Hendrickson v. Hinckly, 58 U. S. 443; Truly v. Wanzer, 46 U. S. 141; Foster v. State Bank, 17 Ala. 672; Brush v. McCanby, 7 Gill, 189; Snyder v. Vannoy, 1 Or. 344; Yancey v. Downer, 5 Litt. 8; Sumner v. Whitley, 1 Mo. 708; Matson v. Field, 10 Mo. 100; Ritter v. Democratic Press Co. 68 Mo. 458.

[3] Foster v. Wood, 6 Johns. Ch. 86; Emerson v. Udall, 13 Vt. 477; Smith v. McIver, 22 U. S. 532; Lester v. Hoskins, 26 Ark. 63; Higgins v. Bullock, 73 Ill. 205; Smith v. Powell, 50 Ill. 21; Richmond Enquirer Co. v. Robinson, 24 Grat. 548; Kelly v. Hurt, 74 Mo. 561; Katz v. Moore, 13 Md. 566; Collier v. Easton, 2 Mo. 146; Jackson v. Patrick, 10 S. C. 207; Slack v. Wood, 9 Grat. 40; Marsh's Adm'r v. Bast, 41 Mo. 493; Prewitt v. Perry, 6 Tex. 260; Lyday v. Douple, 13 Md. 566; Selbina Hotel Ass'n v. Parker, 58 Mo. 327; Ewing v. Nickle, 45 Md. 413; Gaines v. Kennedy, 53 Miss. 103; Johnson v. Lyon, 14 Iowa,

431, Mills v. Van Voorhis, 10 Abb. Pr. 10; Coffee v. Ball, 49 Tex. 16; Andrews v. Fenter, 1 Ark. 186; Cummins v. Bentley, 5 Ark. 9; Bellany v. Woodson, 4 Ga. 175; Robuck v. Harkins, 38 Ga. 174; Norris v. Hume, 2 Leigh, (Va.) 334; Green v. Thomas, 17 Cal. 86; Marsh v. Edgerton, 1 Chand. (Wis.) 198; Tyler v. Hamersley, 44 Conn. 419; Phelps v. Peabody, 7 Cal. 50.

[4] Huston v. Ditto, 20 Md. 305; Bellows v. Stone, 14 N. H. 203; Reed's Adm'r v. Hansard, 37 Mo. 199; Nat. Bank v. Burnet Manuf'g Co. 33 N. J. 486; City of Muscatine v. M. & M. Ry. Co. 1 Dill. 536; Hudson v. Kline, 9 Grat. 379; Walker v. Robbins, 55 U. S. 584.

[5] Kelly v. Hurt, 74 Mo. 561; Winfield v. Bacon, 24 Barb. 154; Savage v. Allen, 54 N. Y. 458.

[6] Skinner v. Deming, 2 Ind. 558; McCown v. Macklin's Ex'r, 7 Bush, 308; Brown v. Swann, 35 U. S. 497; Thompson v. Berry, 3 Johns. Ch. 395; Tutt v. Ferguson, 13 Kan. 45; McCollum v. Prewitt, 37 Ala. 573; Garrett v. Lynch's Adm'r, 45 Ala. 204; Marine Ins. Co. v. Hodgson, 11 U. S. 333.

agent or attorney to act for him if the defense is of such a nature that it can be made in his absence. If it cannot, he should apply for a continuance. Where he fails to do either, and judgment goes against him by default, equity will not enjoin its execution.[1] The negligence of attorneys is considered the negligence of their clients, and equity will not interefere on behalf of a complainant whose attorney has negligently failed to make a defense to a suit at law and permitted judgment to go by default,[2] or has neglected to assign error on appeal,[3] or fraudulently caused his client to lose the benefit of an appeal,[4] even where the attorney is insolvent. But where the defendant has both a legal defense and an equitable defense, not available at law, a failure to use diligence in making his legal defense will not, it seems, prevent a court of equity from granting an injunction upon proof of the equitable defense, in case a judgment is rendered against him.[5]

DEFENSES NOT AVAILABLE AT LAW—NEWLY-DISCOVERED EVIDENCE. Equity will always restrain the execution of a judgment where it would be contrary to equity and good conscience to allow it to be executed, and where the facts which render it thus inequitable were either not available at law,[6] or were not discovered by the complainant, notwithstanding due diligence, until it was too late to set them up there.[7] In *Wynne* v. *Newman's Adm'r*, 75 Va. 816, BURKE, J., says that the circumstances under which equity will grant a new trial because of newly-discovered evidence "may be summed up thus: (1) The evidence must have been discovered since the trial. (2) It must be evidence that could not have been discovered before the trial by the plaintiff or defendant, as the case may be, by the exercise of reasonable diligence. (3) It must be material in its object, and such as ought, on another trial, to produce an opposite result on the merits. (4) It must not be merely cumulative, corroborative, or collateral." The general rule governing this whole subject is that whenever a complainant can show a good defense which he has failed, without fault or negligence, to avail himself of at law, he may be relieved in chancery.[8]

WHERE THERE HAS BEEN NO SERVICE OF PROCESS, OR A DEFECTIVE SERVICE. Where an unjust judgment is obtained against a defendant over whom the court rendering the judgment has no jurisdiction,[9] or who has never been served with process, or received notice of the institution or pendency of the suit against him,[10] the execution will be enjoined, unless relief

[1] Duncan v. Gibson, 45 Mo. 352; George v. Tutt, 36 Mo. 141; Powell v. Oyfers, 1 Heisk. 526; McCollum v. Prewett, 37 Ala. 573; Crim v. Handley, 91 U. S. 652.

[2] Rogers v. Parker, 1 Hughes, 148; Kern v. Strausberger, 7 Ill. 413; Bowman v. Field, 9 Mo. App. 576; Winn v. Wilson, 1 Hemp. 698; Crim v. Handley, 94 U. S. 652.

[3] Miller v. Bernecker, 46 Mo. 194; Dines v. Eigenmann, 96 Ill. 39.

[4] Dobbs v. St. Jo. F. & M. Ins. Co. 72 Mo. 189.

[5] Cornelius v. Thomas, 1 Tenn. Ch. 283; Winchester v. Gleaves, 3 Hay. 213.

[6] Clute v. Potter, 37 Barb. 199; Marine Ins. Co. v. Hodgson, 7 Cranch, 333; Foster v. Wood, 6 Johns. Ch. 86; Gaines v. Hale, 26 Ark. 168; Key v. Knott, 9 Gill & J. 342; Pollock v. Gilbert, 16 Ga. 398; Vather v. Zane, 6 Grat. 246; Rogers v. Cress, 3 Pin. (Wis.) 36; Dunham v. Downer, 31 Vt. 249; Weaver v. Poyer, 79

Ill. 417; Bank v. Ruse, 27 Ga. 391; Odell v. Reed, 54 Ga. 142.

[7] Iglehart v. Lee, 4 Md. Ch. 514; Foote v. Silsby, 1 Blatchf. 545; Taylor v. Sutton, 15 Ga. 103; Pearce v. Chastain, 3 Ga. 226; Mills v. Van Voorhis, 10 Abb. Pr. 10; Millick v. First Nat. Bank, 52 Iowa, 94.

[8] Sanders v. Jennings, 2 J. J. Marsh. 513; Barr v. Deniston, 19 N. H. 170; Watson v. Palmer, 5 Ark. 501; Bank v. Reese, 27 Ga. 391; Humphreys v. Legett, 50 U. S. 297; Legett v. Humphreys, 62 U. S. 66; Burem v. Foster, 6 Heisk. 333; Rice v. Bank, 7 Hum. 39; Clifton v. Livor, 24 Ga. 91.

[9] Grass v. Hess, 37 Ind. 193.

[10] Martin v. Parsons, 49 Cal. 94; Weaver v. Poyer, 79 Ill. 417; Wilday v. McConnel, 63 Ill. 278; Southern Exp. Co. v. Craft, 43 Miss. 508; Brooks v. Harrison, 2 Ala. 209; Dunklin v. Wilson, 64 Ala. 162; Crafts v. Dexter, 8 Ala. 767

can be obtained 'at law.[1]    But no relief will be granted where the complainant has been properly served with process, and has failed to make a defense because he thought the suit was against another person.[2]

WHERE AN ATTEMPT IS MADE TO LEVY ON PROPERTY NOT BELONGING TO THE DEFENDANT.    Equity will not permit a judgment to be executed by levying on property not belonging to the party against whom it was rendered;[3] and where a person is in quiet possession of real estate as owner, it will restrain others by injunction from dispossessing him by process growing out of litigation to which he was not a party.[4]

FRAUD, ACCIDENT, SURPRISE, AND MISTAKE.    Equity will never permit an unjust judgment, obtained, without negligence on the defendant's part, by surprise, fraud, accident, or mistake, to be executed where there is no legal remedy.[5]    Thus, where the plaintiff caused a false return to be made by the person deputed to serve the summons on the defendant, when he knew there had been no service, and recovered judgment by default, the judgment was annulled.    So, relief was granted where the plaintiff had induced the defendants to withdraw an equitable plea they had filed in the case, by a promise that if such plea were withdrawn he would do the equity set up in the plea, and would enter into writing to that effect, but had failed to comply with his promise and taken judgment.[6]    So, where a judgment is taken by default in violation of an agreement of compromise by which a defense is prevented, its execution will be restrained.[7]    So, where the defendant is induced by false representations of the plaintiff[8] or his attorney[9] to believe that no further proceedings will be taken, and makes no defense, a judgment by default will not be permitted to be executed.    So, where the defendant allows judgment to go against him in consideration of an agreement on the plaintiff's part that no money need be paid on it except upon the happening of a certain event, the plaintiff will not be permitted to exact payment in violation of the agreement.[10]    So, where defendant's counsel is shown to have acted for both parties, and advised the defendant to confess judgment.[11]    So, where a sheriff, whom the complainant had agreed to save harmless, fraudulently, in collusion with the plaintiff, allowed judgment to go against him when he had a good defense.[12]    But he who comes into equity must do equity.    If a party asks for relief against a judgment for more than is due, he must offer to pay what he admits is due.[13]

In *Cannon* v. *Reynolds*,[14] where a mistake was made in the defendant's favor in the statement of the account sued on, and the defendant, knowing of the mistake, allowed judgment to go by default, the judgment was set aside.

In another case, in which an appeal had been dismissed, because of a clerical mistake in making out the appeal bond, the judgment was enjoined.

In the case of *Bell* v. *Cunningham*[15] the defendants were non-resident foreigners.    Their counsel went to trial upon the declaration as it stood, which was not supportable.    New counts were filed by leave of court, which cov-

---

[1] Nat. Bank v. Burnet Manuf'g Co. 3 N. J. 486.

[2] Higgins v. Bullock, 73 Ill. 205.

[3] Givens v. Tidmore, 8 Ala. 745.

[4] Goodnough v. Sheppard, 28 Ill. 81; Stewart v. Pace, 30 Ark. 594.

[5] Carrington v. Holabird, 17 Conn. 530; Wingate v. Haywood, 40 N. H. 437; Currier v. Esty, 110 Mass. 536; Norris v. Hume, 2 Leigh, (Va.) 334; Brooks v. Harrison, 2 Ala. 209; Rogers v. Cross, 3 Pin. (Wis.) 36; Burem v. Foster, 6 Heisk. 333.

[6] Markham v. Angier, 57 Ga. 42.

[7] Nealis' Adm'r v. Dicks. 72 Ind. 374;

Bridgeport Sav. Bank v. Eldredge, 28 Conn. 556; Rogers v. Gwinn, 21 Iowa, 58; Hibbard v. Eastman, 47 N. H. 507; Kent v. Ricards, 3 Md. Ch. 392.

[8] Dobson v. Pearce, 12 N. Y, 156; Williams v. Fowler, 2 J. J. Marsh. 405.

[9] Pearce v. Olney, 20 Conn. 544; Holland v. Trotter, 22 Grat. 136.

[10] Moore v. Barclay, 16 Ala. 158.

[11] Molyneux v. Huey, 81 N. C. 107.

[12] Iglehart v. Lee, 4 Md. Ch. 514.

[13] Campbell v. Morrison, 7 Paige, 157.

[14] 5 El. & Bl. 300.

[15] 1 Sumn. 89.

ered a claim not before embraced in the declaration. The defendants had no notice of the change and no means of instructing their counsel on any point of defense. The trial immediately proceeded, and a verdict obtained which would not have been recovered if the defendants had had notice of the claim. Judge STORY delivered the opinion of the court, and held that an injunction should be granted *pro tanto* to the judgment, on the ground of surprise.

EQUITABLE REMEDIES—NEW TRIALS.  In relieving against an unjust judgment recovered in a court of law, equity does not act upon the court of law, but upon the party who has recovered the judgment,—sometimes by simply enjoining him from attempting to collect it; sometimes by forcing him to agree to a new trial. The new trial should never be granted in terms.[1] In deciding the case of *C. & F. Ry. Co.* v. *Titus*, Chancellor RUNYON laid down the law as follows: "Originally chancery compelled new trials at law by perpetually enjoining the plaintiff in the judgment from enforcing it, unless he would consent to a new trial; the injunction being the means by which the plaintiff was constrained to do justice, and the practice of thus compelling new trials at law still exists. This court can, in any given case, itself give effect to the testimony, with respect to which a new trial may be ordered, and determine what difference it ought to have made in the result of the trial at law, if it had been introduced there. In such cases there will, in effect, be a new trial in this court, instead of at law. It is quite within the power of this court to order an issue at law where the facts are contradictory."[2]

*St. Louis.*                                                       B. F. REX.

[1] Story, Eq. Jur. § 1571 et seq.; Yancey v. Downer, 5 Litt. 8; Bush v. Craig, 4 Bibb, 168; Floyd v. Jayne, 6 Johns. Ch. 479; Wynne v. Newman's Adm'r, 75 Va. 811. *Contra,* McConnell's Ex'r, 63 Ill. 280; Nealis' Adm'r v. Dicks, 72 Ind. 374; Collier v. Easton, 2 Mo. 146; Molyneux v. Huey, 81 N. C. 103; Carrington v. Holabird, 19 Conn. 84.

[2] Key v. Knot, 9 Gill & J. 342; Foote v. Silsby, 1 Blatchf. 545; Turney's Ex'r v. Young, 2 Tenn. 266.